WETTRE et al. v. HAGUE et al.
No. 4328.

Circuit Court of Appeals, First Circuit.
June 29, 1948.

Claude L. Dawson, of Washington, D. C. (Joseph F. Dolan, of Boston, Mass., on the brief), for appellants.

Joseph M. Friedman, Sp. Asst. to Atty. Gen. (H. G. Morison, Asst. Atty. Gen., William T. McCarthy, U. S. Atty., and Gerald J. McCarthy, Asst. U. S. Atty., both of Boston, Mass., and Louise A. Hunt, Atty., Department of Justice, of Washington, D. C., on the brief), for appellees.

Before DOBIE (by special assignment), MAHONEY, and WOODBURY, Circuit Judges.

WOODBURY, Circuit Judge.

The plaintiffs-appellants, all honorably discharged soldiers, sailors or marines of the United States, some with and some without war-time military service, and all employed under civil service as "leadingmen" in various capacities, as "leadingman millman" and "leadingman shipper and caulker", in the United States Naval Shipyard at Boston, brought the instant action on their own behalf, and on behalf of all other similarly situated members in good standing of the Boston Navy Yard War Veterans Association who may care to come in and be joined as party plaintiffs, to restrain the Commandant of the Yard, its public relations officer, and other of its higher officials, from proceeding with plans for reducing or demoting them from their supervisory positions. The plaintiffs allege in their complaint that they enjoy permanent civil service status with efficiency ratings of "good", and that the defendants are about "to demote the plaintiffs to inferior positions at great loss of pay and prestige" while retaining non-veterans "in the positions which rightfully belong" to them. It is not categorically alleged in the complaint, but counsel for the plaintiffs in brief and argument strenuously contend, and counsel for the defendants apparently concede, that the plaintiffs' threatened reduction in rank is due to a post-war reduc-

826

tion in the labor force employed in the Navy Yard.

The plaintiffs' contention is that the defendants' action not only violates direct orders from the Secretary of the Navy but also contravenes the clear terms of applicable statutes, specifically the proviso of § 4 of the Act of August 23, 1912, 37 Stat. 413, 5 U.S.C.A. § 648, quoted hereinafter, and § 12 of the Veterans' Preference Act of 1944, 58 Stat. 390, 5 U.S.C.A. § 861.

The defendants appeared specially in the court below for the sole purpose of objecting to the jurisdiction of the court and moved to dismiss on four grounds: failure to join the Secretary of the Navy; failure to join the members of the United States Civil Service Commission; because the action in essence is against the United States and it has not consented to be sued; and finally because "the complaint fails to allege that the plaintiffs have exhausted, and in fact shows that they have not exhausted fair and adequate administrative remedies provided by the Veterans' Preference Act of 1944, 5 U.S.C.A. § 851 et seq., including an appeal to and determination by the United States Civil Service Commission." The court below dismissed the plaintiffs' complaint solely on this latter ground and the plaintiffs thereupon took the instant appeal.

■ When this case was tried below, and even when it was argued before us on appeal, it was an open question whether the Veterans' Preference Act of 1944 narrowed, or whether it left unaffected, the long-existing broad scope of the preferences given to veterans by the proviso of § 4 of the Act of 1912, supra, which reads:

"Provided, That in the event of reductions being made in the force in any of the executive departments no honorably discharged soldier or sailor whose record in said department is rated good shall be discharged or dropped or reduced in rank or salary."

Now, however, this question has been put at rest. The very recent decision of the Supreme Court of the United States in Hilton v. Sullivan, 68 S.Ct. 1020, 1026, authoritatively establishes that Congress in the Veterans' Preference Act of 1944 did not intend to restrict, limit or narrow the scope of the benefits conferred upon veterans by earlier legislation, but instead intended to enlarge the preference in government employment they already enjoyed. And in the Hilton case the Supreme Court said that there was nothing ambiguous about the language of the 1912 proviso quoted above and that "It was an absolute command that no governmental department should discharge, drop, or reduce in rank any honorably discharged veteran government employee with a rating of 'good.' Length of service in no way qualified the preference given the veteran."

■ We are not concerned here with the full scope of the preference given to veterans by the statute as thus interpreted —whether it means that veterans with a rating of "good" have to be retained on the government's payroll even though there may be no work remaining for them to do (see Longfellow v. Gudger, 57 App.D.C. 50, 16 F.2d 653, 656), or whether veterans with that rating cannot be reduced from supervisory rank even though there may be no employees left for them to supervise. These are questions for consideration when they arise. The complaint as we read it alleges only that the plaintiffs, being veterans with a rating of "good", are about to be demoted from given supervisory positions while non-veterans, presumably with greater seniority, are being retained in those positions. Since this clearly alleges a violation of the plaintiffs' legal rights under the applicable statute as it is now construed, there is no longer any occasion for the requirement that they exhaust whatever administrative remedies they may have before seeking to vindicate their rights in court, for, as the Supreme Court said in Order of Railway Conductors of America v. Pitney, 326 U.S. 561, 566, 66 S.Ct. 322, 324, 90 L.Ed. 318, "Of course, where the statute is so obviously violated that 'a sacrifice or obliteration of a right which Congress * * * created' to protect the interest of individuals or the public is clearly shown, a court of equity could, in a proper case, intervene. Texas & N.O.R. Co. v. Brotherhood of R. & S. S. Clerks, 281 U.S.

548, 50 S.Ct. 427, 74 L.Ed. 1034; Virginian R. Co. v. System Federation, 300 U.S. 515, 57 S.Ct. 592, 81 L.Ed. 789."

Thus in view of the decision in the Hilton case, the judgment appealed from must be set aside and the case remanded for rulings on the other grounds advanced by the defendants in support of their motion to dismiss, if they care-to press them in view of the decision in Williams v. Fanning, 332 U.S. 490, 68 S.Ct. 188, decided after the case at bar was decided by the court below, and, if that court finds it appropriate, for determination on the merits.

The judgment of the District Court is vacated and the case is remanded to that court for further proceedings consistent with this opinion.