JOHNSON, Secretary of National Defense, et al. v. NELSON.

JOHNSON, Secretary of National Defense, et al. v. REEVES.

Nos. 10109, 10110.

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 15, 1949.

Decided Jan. 16, 1950.

Writ of Certiorari Denied May 15, 1950.

See 70 S.Ct. 980.

Mr. Eugene T. Maher, attorney, Department of Justice, Washington, D. C., of the bar of the Court of Appeals of New York, pro hac vice, with whom Assistant Attorney General H. G. Morison and Messrs. George Morris Fay, United States Attorney, Washington, D. C., and Edward H. Hickey, Special Assistant to the Attorney General, were on the brief, for appellants. Mr. Ross O'Donoghue, Assistant United States Attorney, Washington, D C., also entered an appearance for appellants.

Mr. Claude L. Dawson, Washington, D. C., for appellees.

Before EDGERTON, WILBUR K. MILLER, and BAZELON, Circuit Judges.

PER CURIAM.

The appellees, war veterans employed by the Navy Department, sue to get back supervisory positions from which they were demoted during a reduction in force. They maintain that since their efficiency ratings were good or better, their veterans' preference rights were violated when they were demoted while non-veterans with equal ratings were not. 37 Stat. 413, § 4, formerly 5 U.S.C.A. § 648; 58 Stat. 387, § 2, 58 Stat. 390, § 12, 5 U.S.C.A. §§ 851, 861. Appellants rely largely on 58 Stat. 390, § 14, 5 U.S.C.A. § 863. It appears from appellees' complaints that they have not exhausted their statutory rights of appeal to the Civil Service Commission. Apparently their appeals to the Commission were pending when they brought these suits and the Commission withheld decision in view of the suits.

We think the District Court erred in granting summary judgment to appellees. In Wettre v. Hague, 168 F.2d 825, the Court of Appeals for the First Circuit based a different conclusion on Order of Railway Conductors v. Pitney, 326 U.S. 561, 566, 66 S.Ct. 322, 90 L.Ed. 318, and Hilton v. Sullivan, 334 U.S. 323, 68 S.Ct. 1020, 92 L.Ed. 1416. But the Hilton case involved dismissal and this case involves demotion. The fact that administrative action is probably erroneous does not create an exception to the rule that administrative processes must be exhausted before judicial relief is sought. Securities & Exchange Commission v. Otis & Co., 338 U.S. 843, 70 S.Ct. 89, rehearing denied, 338 U.S. 888, 70 S.Ct. 187.

Reversed.