**DRAGNA v. LANDON et al.**
No. 13919.

United States Court of Appeals
Ninth Circuit.
Dec. 19, 1953.

Denman, Chief Judge, dissented.

———◆———

Richard H. Cantillon, Beverly Hills, Cal., Jackson & Hertogs, Joseph S. Hertogs, San Francisco, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Clyde C. Downing, Asst. U. S. Atty., Robert K. Grean, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before DENMAN, Chief Judge, and HEALY and POPE, Circuit Judges.

POPE, Circuit Judge.

The appellant brought an action for declaratory relief and for an injunction in the court below. After judgment went against him upon the merits he appealed to this court. After the record had been completed but before appel-lant's brief was filed, he made a motion that the cause be remanded to the district court with instructions to vacate the judgment and to dismiss the action. The motion is predicated upon the appellant's contention that although the complaint was filed by him, yet it was so wanting in equity, and so completely failed to state a claim for relief, and so lacking in necessary parties that the court below was wholly without jurisdiction. In effect, he argues that we should now notice that complete lack of jurisdiction and hold the entire proceedings for naught.

The record discloses that plaintiff, a citizen of Italy, and lawfully admitted to the United States as a permanent resident thereof, made a temporary visit to Mexico in 1932; that in 1935 deportation proceedings were instituted against him but were dismissed and cancelled by the Immigration and Naturalization Service in 1937; that again on December 5, 1952, the defendant District Director and the defendant Del Guercio, alleged to be a subordinate under the District Director, caused to be issued a warrant of arrest of the plaintiff as a person subject to be deported on account of an illegal entry in 1932. The complaint alleged that no law permitted the issuance of such warrant of arrest for the reason that in 1932, at the time of plaintiff's trip to Mexico, the effective regulations permitted his reentry after a temporary departure without the presentation of entry documents. It was further alleged that the warrant of arrest was illegal and void in that it was issued without cause and unsupported by evidence and without authority in law; and it was issued and executed by the defendants solely for the purpose of harassing, annoying, embarrassing and thereby persecuting the plaintiff. The complaint contained allegations of irreparable injury and prayed for judgment that the warrant of arrest was illegal and void and for an injunction restraining the defendants from conducting any deportation proceedings against plaintiff under the pretended au-

thority of said illegal and void warrant of arrest.

The answer alleged that the warrant of arrest was issued for the purpose of initiating an inquiry into the right of the plaintiff to be and reside in the United States; that hearings based on the warrant had been commenced, were continuing and had not yet been completed; that the warrant had been issued on the basis of evidence and investigation tending to show probable cause that the plaintiff's residence in the United States was not valid; and it was asserted that until the administrative hearings before the Immigration and Naturalization Service were terminated the court was without jurisdiction of this cause.

■ We are of the opinion that the complaint set forth facts sufficient to state a cause within the jurisdiction of the court below. The complaint evidently was predicated upon the doctrine of Skinner & Eddy Corp. v. United States, 249 U.S. 557, 39 S.Ct. 375, 63 L.Ed. 772.[1] Clearly it was the theory of the appellant's cause that where the action of an administrative body is void and ultra vires, it is unnecessary that a plaintiff seeking relief against such action should exhaust his administrative remedies. Cf. Wettre v. Hague, 1 Cir., 168 F.2d 825, 826.

■ The trial court proceeded to hear the cause upon the merits and made its findings in substance determining that the allegations of the complaint were not sustained, and judgment was entered in favor of the defendants. We perceive no reason why after an issue thus framed has been submitted to and tried by the court below and findings and judgment adverse to plaintiff there made, we should be called upon to erase the entire record. If the court in rendering its judgment has committed some error with respect to which the appellant has preserved a proper record, there is nothing to prevent his presenting such errors to this court by brief and oral argument pursuant to this court's rules.

In further support of his motion the appellant says that the court below was without jurisdiction because of appellant's failure to join the Commissioner of Immigration and Naturalization or the Attorney General thus omitting indispensable parties defendants. Such an argument comes with poor grace at this time for it is plain that as the appellant framed the issues of his complaint, he was relying upon the doctrine of Williams v. Fanning, 332 U.S. 490, 68 S.Ct. 188, 92 L.Ed. 95, since the decree which he sought could effectively grant the relief desired by expending itself upon the subordinate official who is before the court. If it be assumed that the trial court correctly found that the complaint was without merit, this would not demonstrate that the court was without jurisdiction to hear and determine the cause.

During the oral argument some suggestion was made that certain of the findings made by the trial court may have gone beyond the issues presented and should have been omitted. At that time inquiry was made by one member of the court as to whether counsel for the appellees would concede that a certain finding should have been omitted, and an affirmative answer was given by counsel at that time. The members of this court are unable to agree what portion of the findings were then the subject of colloquy between court and counsel. It is plain that upon final hearing of the appeal here, the appellant, if the record so warrants, will be in a position to urge any modification of the judgment which the facts and the law may require.

The motion to remand with directions to dismiss is without merit and the same is denied.

---

1. "The contention is that the commission has exceeded its statutory powers; and that, hence, the order is void. In such a case the courts have jurisdiction of suits to enjoin the enforcement of an order, even if the plaintiff has not attempted to secure redress in a proceeding before the commission." 249 U.S. at page 562, 39 S.Ct. at page 377.

DENMAN, Chief Judge (dissenting).

I dissent from this decision because it admits that the parties stipulated to an amendment of the findings and yet compels the entertaining of the appeal without the stipulated amendment. A defect in the court's memory does not void a stipulation. Such voiding is a denial of justice. The court owes the parties the duty to call them before it, to cure the court's defective memory.

So far as this member of the court is concerned, his memory is that the parties stipulated that, upon the amendment, the *judgment was to be affirmed,* thus saving the court the labor of the consideration and determination of the appeal and the parties their costs, attorneys' fees and effort in briefing and arguing it.