**GREEN v. BAUGHMAN.**

**GREEN v. YOUNG.**

**Nos. 11980, 11981.**

United States Court of Appeals District of Columbia Circuit.

Argued June 18, 1954.

Decided July 15, 1954.

A. Lincoln Green, appellant, pro se.

Mr. Samuel J. L'Hommedieu, Jr., Asst. U. S. Atty., Washington, D. C., with whom Messrs. Leo A. Rover, U. S. Atty., and Lewis A. Carroll, Asst. U. S. Atty., Washington, D. C., were on the brief, for appellees. Mr. William J. Peck, Asst. U. S. Atty. at time record was filed, Washington, D. C., entered an appearance for appellees.

Before PRETTYMAN, BAZELON and WASHINGTON, Circuit Judges.

PER CURIAM.

In this case the appellant, a veteran having civil service status, was dismissed by the government agency which employed him. He took an appeal to the Civil Service Commission under Section 14 of the Veterans Preference Act, 5 U.S.C.A. § 863. While it was pending he brought two actions in the District Court—one against the head of his agency and the other against the Chairman of the Civil Service Commission. In each complaint he prayed, inter alia, for reinstatement in his old position and that the Civil Service Commission be enjoined from holding a hearing upon his appeal. In each the principal allegation was that the charges served on him by his agency lacked specificity. The District Court, being of the view that at least one of the charges was sufficiently specific, dismissed the complaints. These appeals followed.

We think that the dismissal of the complaints was correct, for the reason that appellant has not exhausted the administrative remedies given him by Section 14 of the Veterans Preference Act. Johnson v. Nelson, 86 U.S.App. D.C. 98, 180 F.2d 386, certiorari denied, 1950, 339 U.S. 957, 70 S.Ct. 980, 94 L.Ed. 1368. Such questions as those raised by appellant are for administrative determination in the first instance. Here appellant has gone into court before final administrative review has been had. Only rarely, and in exceptional circumstances, is such a course justified. See Aircraft & Diesel Equipment Corp. v. Hirsch, 1947, 331 U.S. 752, 773–774, 67 S.Ct. 1493, 91 L.Ed. 1796. Cf. Hilton v.

Sullivan, 1948, 334 U.S. 323, 68 S.Ct. 1020, 92 L.Ed. 1416 (suit attacking validity of administrative regulations; matter of exhaustion of agency remedies not discussed). Here no special circumstances exist which might justify maintenance of the pending suits. On that ground, the judgments of the District Court dismissing the complaints will be

Affirmed.