220 F.2d 487
 William A. YOUNG, Appellant,
v.
Harvey V. HIGLEY, Administrator of Veterans' Affairs, Philip Young, et al., Commissioners, United States Civil Service Commission, Appellees.
Alexander MALCOMSON, Jr., Appellant,
v.
Harvey V. HIGLEY, Administrator of Veterans' Affairs, Philip Young, et al., Commissioners, United States Civil Service Commission, Appellees.
 No. 12324.
 No. 12325.
 United States Court of Appeals, District of Columbia Circuit.
 Argued February 16, 1955.
 Decided March 3, 1955.
 
 Mr. Keith L. Seegmiller, Washington, D. C., for appellants.
 Mr. Andrew P. Vance, Atty., Department of Justice, Washington, D. C., with whom Mr. Samuel D. Slade, Atty., Department of Justice, Washington, D. C., was on the brief for appellees. Messrs. Leo A. Rover, U. S. Atty., Lewis Carroll, Asst. U. S. Atty., and Paul A. Sweeney, Atty., Department of Justice, Washington, D. C., also entered appearances for appellees.
 Before EDGERTON, FAHY, and BASTIAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellants were removed, in a reduction in force, from employment in the United States Veterans' Administration. They contend their rights under the Veterans' Preference Act [of 1944, 5 U. S.C.A. § 851 et seq.] were clearly violated. We do not reach that question.
 
 
 2
 Appellants failed to exercise, within the time allowed by the rules, their right of appeal to the Civil Service Commission from the decision of its Regional Office upholding the action of the Veterans' Administration. "The fact that administrative action is probably erroneous does not create an exception to the rule that administrative processes must be exhausted before judicial relief is sought." Johnson v. Nelson, 86 U.S.App.D.C. 98, 180 F.2d 386, certiorari denied 339 U.S. 957, 70 S.Ct. 980, 94 L.Ed. 1368. As that case shows, we disagree with the view that administrative remedies need not be exhausted if the administrative action complained of is clearly erroneous. Cf. Wettre v. Hague, 1 Cir., 168 F.2d 825.
 
 
 3
 Affirmed.