**William J. FITZPATRICK, Plaintiff-Appellant,**

v.

**Philip W. SNYDER, Commander, Boston Naval Shipyard, et al., Defendants-Appellees.**

**No. 4899.**

United States Court of Appeals, First Circuit.

March 22, 1955.

Writ of Certiorari Denied May 31, 1955.

See 75 S.Ct. 875.

Claude L. Dawson, Washington, D. C., with whom Sumner M. Lieberman, Boston, Mass., was on brief, for appellant.

Jerome Medalie, Asst. U. S. Atty., Boston, Mass., with whom Anthony Julian, U. S. Atty., Boston, Mass., was on brief, for appellees.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

WOODBURY, Circuit Judge.

The plaintiff-appellant is an honorably discharged veteran of over twenty years service in the United States Navy. After his discharge from the Navy he qualified under the rules and regulations of the United States Civil Service Commission and in November 1951 he was given an "indefinite appointment" to the position of "helper machinist," from which he was later promoted to "journeyman machinist," in the Boston Naval Shipyard. His performance rating throughout his employment at the yard has been "satisfactory."

On June 21, 1954, he was served with notice that he would be separated from his employment on July 23 "because of reduction of force * * * due to a lack of work." At the same time, however, like notices were not served upon several non-veteran "journeymen machinists" at the yard with the same efficiency rating who also held indefinite appointments, but "indefinite appointments in lieu of reinstatement," for the reason that they were career employees with "competitive status" acquired as a result of previous service as permanent employees prior to the date of their reinstatement, which, incidentally, antedated the plaintiff's employment.

A few days before the effective date of his notice of separation the plaintiff brought the instant suit grounded upon violation of his rights under § 12 of the Veterans' Preference Act of 1944, 58 Stat. 390, 5 U.S.C.A. § 861 against the Commander of the Boston Naval Shipyard and his subordinate in charge of employment, the Chief Civilian Assistant to the Industrial Relations Officer. The relief requested is a preliminary injunction restraining the defendants from separating the plaintiff from his employment and, on final hearing, a declaratory judgment establishing the plaintiff's right to be retained in his position. The District Court held an immediate hearing

**524**

on the application for temporary injunctive relief and on evidence introduced at that hearing found as a fact that over $3,000, exclusive of interest and costs, was in controversy. Taking the view that this was the only jurisdictional requirement in cases of this sort left open for its consideration by the decision of this court in Wettre v. Hague, 1 Cir., 1948, 168 F.2d 825, it denied a motion filed by the defendants to dismiss for lack of equity jurisdiction on the ground of failure to exhaust administrative remedies and because the plaintiff had an adequate remedy at law and granted the temporary relief requested by the plaintiff.[1] On final hearing the court below reaffirmed its finding that the requisite jurisdictional amount was in controversy and also its conclusion that it was bound as to other jurisdictional matters by the decision in the Wettre case. Turning, therefore, to the merits it found that the plaintiff was selected for separation in accordance with a Regulation of the Civil Service Commission binding on the Department of the Navy which, for the purpose of determining relative retention preference in the event of reduction of force, divided competing employees holding indefinite appointments whose performance ratings were "satisfactory" or better into three groups, veterans having preference in each group, and gave greater retention preference to a group consisting of employees who had civil service status based on previous periods of service as career employees than to a group consisting of those without such status. The court concluded with some hesitation that the Regulation was valid. Therefore, since the plaintiff clearly fell into a group with less retention preference than the group which included the non-veteran employees mentioned above, it entered the judgment dismissing the plaintiff's complaint from which he took this appeal.

We do not reach the question of the validity of the above Regulation of the Civil Service Commission because we think the District Court misunderstood the scope of the decision of this court in the Wettre case and for that reason erred in denying the defendants' motion to dismiss for lack of equity jurisdiction.

The Wettre case was one very similar to this as to parties wherein the plaintiffs alleged that they were veterans with ratings of "good" and that they were about to be demoted from supervisory positions at the Boston Naval Shipyard while non-veterans with greater seniority were not. This, they said, was in direct violation of their rights under the proviso of § 4 of the Act of August 23, 1912, 37 Stat. 413, 5 U.S.C.A. § 648, which provided that "in the event of reductions being made in the force in any of the executive departments no honorably discharged soldier or sailor whose record in said department is rated good shall be discharged or dropped or reduced in rank or salary." Wherefore they demanded a temporary and permanent injunction against their demotion and an award of money damages. The defendants did not answer, but moved to dismiss for lack of jurisdiction on four grounds: failure to join the Secretary of the Navy; failure to join the members of the United States Civil Service Commission; because in essence the suit was against the United States and it had not consented to be sued; and because the plaintiff had not exhausted the administrative remedies given to them by § 14 of the Veterans' Preference Act of 1944, 58 Stat. 390, 5 U.S.C.A. § 863. The District Court granted the defendants' motion and dismissed the complaint solely on the ground of the plaintiffs' failure to exhaust their administrative remedies, and the correctness of that ruling was the only question thoroughly covered in the arguments on appeal.

The plaintiffs-appellants argued that the general rule requiring exhaustion of administrative remedies before

[1] This relief was continued from time to time until November 2 last when the plaintiff-appellant submitted a formal offer to go on "leave without pay" which was accepted by the Boston Naval Shipyard, effective immediately.

resort to the courts of equity was inapplicable for a variety of reasons. And they also argued, citing Work v. State of Louisiana, 1925, 269 U.S. 250, 46 S.Ct. 92, 70 L.Ed. 259, that even if the general rule did apply, nevertheless their case fell within the recognized exception to it which permits resort to the courts in spite of failure to exhaust available administrative remedies when it is made to appear that public officials are acting in violation of their clearly defined statutory duties. The defendants conceded the above exception to the usual rule requiring exhaustion of administrative remedies, which they said in their brief quoting Breiner v. Wallin, D.C.E.D.Pa.1947, 79 F.Supp. 506, 507, 508 could be stated as follows: "Where a statute, which commands an official of the government to perform, or prohibits him from performing, an act in a particular situation is so clear as to be free from doubt as to what it prescribes, a court will enjoin a violation of the Act even though the victim has not pursued his administrative remedies." But they said the exception was inapplicable because it was not entirely clear that the sweeping preference given to veterans in the Act of 1912 had not been superseded, or at least limited to some extent, by § 14 of the Veterans' Preference Act of 1944 which permits veterans to be demoted "for such cause as will promote the efficiency of the service."

In the interval between the argument of the Wettre case in this court and our decision, the Supreme Court decided Hilton v. Sullivan, 1948, 334 U.S. 323, at page 336, 68 S.Ct. 1020, at page 1026, 92 L.Ed. 1416 wherein it held that the Veterans' Preference Act of 1944 did not supersede or narrow, but if anything broadened, the scope of the preference given to veterans in § 4 of the Act of 1912 quoted above. We thought this holding amounted to a definitive determination that the plaintiffs had an absolute right to be retained in rank, which we thought brought the case within the exception noted above to the general rule requiring exhaustion of administrative

remedies as a prelude to resort to the courts. Wherefore on the authority of Order of Railway Conductors of America v. Pitney, 1946, 326 U.S. 561, 566, 65 S.Ct. 1566, 89 L.Ed. 1970, wherein the conceded exception to the general rule on which the plaintiffs relied was recognized, see also Work v. State of Louisiana, supra, and Miguel v. McCarl, 1934, 291 U.S. 442, 54 S.Ct. 465, 78 L.Ed. 901, we vacated the District Court's judgment dismissing the plaintiffs' complaint on the ground of failure to exhaust administrative remedies and remanded the case for further proceedings consistent with our opinion, our intention being for that court then to rule on the other grounds advanced by the defendants in support of their motion to dismiss for lack of jurisdiction, and also any other jurisdictional matter such as the existence of an adequate remedy at law or an amount in controversy sufficient to support federal jurisdiction. See the second opinion of this court in the same case sub nom. Joy v. Hague, 1 Cir., 1949, 175 F.2d 395, certiorari denied, 1949, 338 U.S. 870, 70 S. Ct. 147, 94 L.Ed. 534.

Perhaps in the Wettre case I did not express the views of this court as clearly and in as much detail as I should. However, the decision in that case was meant to be limited to the situation presented, that is to say, to cases in which plaintiffs are able to show a clear violation of some incontestable right under a federal statute and thus bring themselves within what we thought to be an established exception to the general rule requiring exhaustion of administrative remedies. We certainly did not intend in that case to consider, let alone to decide, any jurisdictional question other than the one before us. Those questions are numerous and difficult, see for illustration Marshall v. Crotty, 1 Cir., 1950, 185 F.2d 622, and the appropriate time to consider them is when they have been not only considered but definitely ruled upon below and fully briefed and argued on appeal. We indicate no opinion on these questions now. Nor by holding in the Wettre case that the plaintiffs were within a recognized

exception to the general rule requiring exhaustion of administrative remedies because they had succeeded in showing an obvious violation of their clear rights under § 4 of the Act of 1912 as construed by the Supreme Court in the Hilton case, did we intend to indicate that as a general proposition plaintiffs in cases such as this did not need to exhaust their administrative remedies even in the absence of such a showing. On the contrary, we saw no good reason then and we see none now why the general doctrine of exhaustion of available administrative remedies, including of course its exceptions, should not apply in cases such as this with as broad scope and as much force as in other cases, and we so hold in accordance with Johnson v. Nelson, 1950, 86 U.S.App.D.C. 98, 180 F.2d 386, certiorari denied, 1950, 339 U.S. 957, 70 S.Ct. 980, 94 L.Ed. 1368 and Green v. Baughman, C.A.D.C., 1954, 214 F.2d 878.

■■ Thus, since the plaintiff herein certainly has not shown, particularly in view of the repeal in 1950, 64 Stat. 1100 of § 4 of the Act of 1912, that his separation is in violation of a clear statutory right to be retained, that is to say, that the Regulation of the Civil Service Commission under which he was ordered separated is patently at variance with the clear provisions of § 12 of the Veterans' Preference Act of 1944, he must exhaust the administrative remedies given him by § 14 of that Act before seeking equitable relief against anyone in any court.

The judgment of the District Court dismissing the complaint on the merits is set aside and the case is remanded to that court for the entry of a judgment dismissing the plaintiff's complaint for lack of equity jurisdiction.

MAGRUDER, Chief Judge (concurring).

I concur in the opinion and judgment of the court. In addition, I should like to suggest another ground for concluding that the district court lacked jurisdiction of the complaint, namely, that the suit in effect was one against the United States, and the United States has not consented to be sued in this manner. I recognize that I may be mistaken about this, since the contrary seems to have been assumed (without notation of the point, however) in cases like Hilton v. Sullivan, 1948, 334 U.S. 323, 68 S.Ct. 1020, 92 L.Ed. 1416, and Elder v. Brannan, 1951, 341 U.S. 277, 71 S.Ct. 685, 95 L.Ed. 939. But since the object sought by the injunctive relief prayed for is the retention of the plaintiff on the federal pay roll, with the consequent obligation upon the United States, I assume, to continue paying for his services, it seems difficult to avoid the conclusion that the present suit is in substance one against the United States.

Suppose the plaintiff had obtained his injunction in the present litigation, and had continued working at the Boston Naval Shipyard. And suppose, upon the government's refusal to pay him his salary, he brought suit against the United States in the Court of Claims. Would the plaintiff expect to have to litigate de novo in the Court of Claims the issue as to his right under the Veterans' Preference Act? If so, then what would the plaintiff have gained in the present injunction suit except the right to work for nothing? Or would the Court of Claims have to hold that the United States was under an inescapable obligation to pay for the services actually rendered by the plaintiff, albeit services forced upon the United States as a result of the injunction forbidding the Commander of the Naval Shipyard from discharging plaintiff?

These considerations suggest to me that what the Supreme Court said in Lynch v. United States, 1934, 292 U.S. 571, 54 S.Ct. 840, 78 L.Ed. 1434, is applicable to the case at bar. The Court in that case said 292 U.S. at page 582, 54 S.Ct. at page 845: "When the United States creates rights in individuals against itself, it is under no obligation to provide a remedy through the courts. United States v. Babcock, 250 U.S. 328, 331, 39 S.Ct. 464, 63 L.Ed. 1011. It may limit the individual to administrative

remedies. Tutun v. United States, 270 U.S. 568, 576, 46 S.Ct. 425, 70 L.Ed. 738." When one considers the practical problems of administration, it is apparent why the Congress did not provide in the Veterans' Preference Act for judicial enforcement of the rights conferred.[1] Administration of the Act is confided to the Civil Service Commission, which is empowered to issue appropriate regulations. If, due to budgetary limitations, curtailment of force is necessary, and the proper department head or other official prepares to put into effect a schedule of layoffs in accordance with regulations of the Civil Service Commission, the program of curtailment would be thwarted if it could be held up by injunction in court proceedings instituted by anyone threatened with lay-off or discharge.

1. By the Act of June 10, 1948, 5 U.S.C.A. § 652, Congress did provide that an employee having rights under § 14 of the Veterans' Preference Act of 1944, who is discharged, and after an administrative appeal to the Civil Service Commission is restored to duty on the ground that the discharge was unjustified or unwarranted, shall be paid back pay, at the rate of compensation received on the date of discharge; for the period during which the discharge was in effect, less any amounts earned by him in other employment during that period. It was recognized by the Court of Claims in O'Brien v. United States, 1953, 124 Ct.Cl. 655, that a discharged employee who has been so reinstated may sue in the Court of Claims to enforce this statutory right to back pay.