**Sollie MAY et al., Plaintiffs,**

v.

**James GLORE, Commanding General, New York Port of Embarkation, et al., Defendants.**

**Civ. No. 15471.**

United States District Court
E. D. New York.

June 3, 1955.

Samuel Resnicoff, New York City, for plaintiffs.

Leonard P. Moore, U. S. Atty., Brooklyn, N. Y., Elliott Kahaner, Asst. U. S. Atty., Brooklyn, N. Y., of counsel, for defendants.

GALSTON, District Judge.

The matter for decision is a motion made by the plaintiffs to enjoin the defendants from dismissing plaintiffs from their permanent civil service positions of Loading and Stowage Supervisor, Department of the Army, Brooklyn.

The complaint sets forth an action for a declaratory judgment. It alleges that the jurisdiction of the court arises under Sections 1331, 2201 and 2202 of Title 28 U.S.C. and the Administrative Procedure Act, June 11, 1946, 60 Stat. 237, 5 U.S.C.A. § 1001 et seq., Section 863 of Title 5 U.S.C.A. and Sections 861 and 1071 of Title 5 U.S.C.A.

It appears that all of the plaintiffs are permanently employed as Loading and Stowage Supervisors, GS-6, except plaintiff Ratti, who is in GS-8. The allegation is that the plaintiffs acquired permanent status, and as such may not be removed or reduced in rank or compensation except for such cause as will promote the efficiency of the service, and only after the service of written charges.

Of the plaintiffs, some are honorably discharged disabled veterans of the armed forces, and all the other plaintiffs are honorably discharged veterans of the armed forces.

The complaint alleges that on March 29, 1955 the plaintiffs had reached the maximum salary of their grade except Ratti, Simmons, Fredman and Shapiro, who had reached lower grades, but that on that day, in the absence of written charges, the plaintiffs received a notice in writing, advising each of them that his employment would be terminated effective April 30, 1955. It is alleged that the proposed dismissal was unnecessary and unreasonable, and in violation of Sections 12 and 14 of the Veterans' Preference Act of 1944, as amended.

We now reach in the complaint an interesting and controlling recital to the effect that on April 4, 1955 the plaintiffs filed an appeal with the Regional Director for the Second United States Civil Service Region, from the adverse determination aforesaid, and that the appeal is now pending. In their complaint the plaintiffs seek a decree which would declare the action of the defendants void, and which seeks to have the defendants enjoined from dismissing the plaintiffs.

The complaint was filed on April 27, 1955. This present motion is dated May 4, 1955. As yet there has been no answer filed by the defendants, but they oppose this motion.

To the complaint is attached a copy of the notice which was sent to these plaintiffs, dated March 29, 1955. Therein it is stated that because of improved management structure and procedures, which has resulted in fewer positions, the New York Port of Embarkation is required to reduce the number of employees in the competitive level of the plaintiffs. In consequence the notice recites that it was necessary to terminate the employment of the plaintiffs at the New York Port of Embarkation. However, the plaintiffs were told in this notice that they would be carried on annual leave to the extent available to the date of separation. Also they are permitted to examine a copy of the regulations or inspect the retention registers of their grade. The notice likewise informs them that if they feel that they have been unjustly selected for reduction in force, they may appeal in writing to the United States Civil Service Commission.

They were informed that they would be given a number for re-assignment with the Department of the Army in the same geographical location under certain conditions, and that they should consult the employee utilization branch immediately. Plaintiffs were informed they could file applications for two types of positions.

The sole matter for determination of the court at this time is whether a temporary injunction could be issued. I had before me in Fischer v. Haeberle, 80 F. Supp. 652, in 1948, an action involving applications similar to that made herein, wherein I held that the doctrine of exhaustion of administrative remedies is an accepted rule in the federal courts, citing Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638. See also Green v. Baughman, D.C. Cir., 214 F.2d 878; Johnson v. Nelson, 86 U.S.App.D.C. 98, 180 F.2d 386, certiorari denied 339 U.S. 957, 70 S.Ct. 980, 94 L.Ed. 1368, and Leeds v. Rossell, D.C., 101 F.Supp. 481.

But plaintiffs contend that the court has jurisdiction to grant injunctive relief under its broad equity powers, citing Reeber v. Rossell, D.C., 91 F.Supp. 108. The decision in this last named case relied upon Wettre v. Hague, 1 Cir., 168 F.2d 825, and Title 5 U.S.C.A. § 648. However, recently the United States Court of Appeals for the First Circuit, in Fitzpatrick v. Snyder, 220 F.2d 522, 525, limited its decision in the Wettre case, supra. Judge Woodbury said:

"We certainly did not intend in that case (the Wettre case) to consider, let alone to decide, any jurisdictional question other than the one before us * * * nor by holding in the Wettre case that the plaintiffs were within a recognized exception to the general rule requiring exhaustion of administrative remedies because they had succeeded in showing an obvious violation of their clear rights under § 4 of the Act of 1912, * * * did we intend to indicate that as a general proposition plaintiffs in cases such as this did not need to exhaust their administrative remedies even in the absence of such a showing. On the contrary, we saw no good reason then and we see none now why the general doctrine of exhaustion of available administrative remedies * * * should not apply in cases such as this with as broad scope and as much force as in other cases, and we so hold in accordance with Johnson v. Nelson, 1950, 86 U.S. App.D.C. 98, 180 F.2d 386, * *."

In Young v. Higley, 95 U.S.App.D.C. ——, 220 F.2d 487, decided by the United States Court of Appeals for the District of Columbia, 1955, the court disagreed with the Wettre decision.

Nor is there a convincing showing made that irreparable damage or injury will follow if the injunctive relief here sought is denied. Judge Bondy, in Leeds v. Rossell, D.C., 101 F.Supp. 481, 484, said:

"* * * they can bring an action for reinstatement in the District Court for the District of Columbia which has power to grant mandamus, and the Court of Claims can determine all damage the plaintiff sustained by reason of any wrongful removal."

Judge Ryan, in Akelmacker v. Kelly, D.C., 101 F.Supp. 528, was of the same opinion. See also Bernstein v. Richards, D.C., 125 F.Supp. 720.

The motion for a preliminary injunction is therefore denied; and the action will be stayed pending the outcome of the administrative proceedings.

Settle order on notice.