256 F.2d 609
 Frank H. HILLS, Cecil La Mar, Arthur D. Dunkelburger, Calvin
Winkler, Lloyd Barker, Alan Widener, Eual
Blansett, Andrew O. Stanley, James King
and Arthur Bowland, Appellants,
v.
Colonel EISENHART, Colonel Dalene Bailey, Colonel David
Daniel, Colonel Robert David, Major John Desmond, Major
Bruce L. Sooy, Major Leo Purseglove, Lieutenant Colonel
Bernard Passero and Sam Butturf, Appellees.
 No. 15795.
 United States Court of Appeals Ninth Circuit.
 June 17, 1958.
 
 Landis, Brody & Martin, Thomas Martin, Sacramento, Cal., for appellants.
 Lloyd H. Burke, G. Joseph Bertain, Jr., Charles Elmer Collett, U.S. Attys., San Francisco, Cal., for appellees.
 Claude L. Dawson, Nat. Judge Advocate, Federal Employees Veterans Ass'n, Washington, D.C., amicus curiae.
 Before STEPHENS, Chief Judge, and MATHEWS and POPE, Circuit Judges.
 MATHEWS, Circuit Judge.
 
 
 1
 On October 24, 1957, in the United States District Court for the Northern District of California, Northern Division, appellants and two other plaintiffs brought a civil action against appellees, hereafter called defendants. The complaint alleged, in substance, that plaintiffs (appellants and their two coplaintiffs) were civilians employed in civil service positions at Travis Air Force Base; that defendants were United States Air Force officers at said base; that defendants had threatened to and would, unless enjoined, discharge plaintiffs from their positions in violation of 5 U.S.C.A. 652 and 861; that there was an actual controversy between plaintiffs and defendants as to plaintiff's rights under 5 U.S.C.A. 652 and 861; and that, as to each plaintiff, the matter in controversy exceeded the sum or value of $3,000 exclusive of interest and costs.
 
 
 2
 The complaint prayed for a temporary restraining order, a preliminary injunction and a permanent injunction restraining and enjoining defendants from discharging plaintiffs from their positions; for a declaratory judgment declaring the respective rights of plaintiffs and defendants under 5 U.S.C.A. 652 et seq.; and for such other and further relief as to the District Court might seem proper.
 
 
 3
 None of the defendants filed an answer. Instead, defendants, on November 12, 1957, filed a paper entitled 'Motion to dismiss,' consisting of a memorandum and a motion appended thereto. The memorandum was, in effect, a brief in support of the appended motion. The appended motion was, in effect, a motion to dismiss the action for lack of jurisdiction. On November 21, 1957, after a hearing at which no evidence was taken, the District Court filed an opinion[1] and entered a judgment which, in effect, granted the motion, dismissed the action for lack of jurisdiction and ordered plaintiffs to pay costs[2] in the sum of $880.21. This appeal is from the judgment.
 
 
 4
 The question presented is whether the District Court had jurisdiction of the action.
 
 
 5
 In determining this question, we must and do accept as true the allegations of fact in the complaint, no answer having been filed, no issue of fact having been raised or tried and no evidence having been taken. Accordingly, we accept as true the allegation that defendants had threatened to discharge plaintiffs from their positions in violation of 5 U.S.C.A. 652 and 861. However, plaintiffs, if so discharged, could have appealed to the Civil Service Commission.[3] This was an adequate administrative remedy.[4] As to whether any other administrative remedy was available to plaintiffs, we express no opinion.
 
 
 6
 The complaint stated that plaintiffs had 'no administrative appeal from the threatened action.' What this statement meant is not clear. If it meant that plaintiffs had not appealed, it was an allegation of fact, and we accept it as true. If it meant that plaintiffs could not appeal to the Commission, if discharged in violation of 5 U.S.C.A. 652 and 861, it was not an allegation of fact, but was a statement of mere conclusion-- a conclusion which we hold was incorrect.
 
 
 7
 The complaint alleged that on October 3, 1957, the Commission 'advised[5] as follows: 'In reply to your recent letter,[6] you are advised that the agency's[7] determination to run a reduction in force in any particular kind of work is not appealable to the U.S. Civil Service Commission under the Retention preference regulations. An agency determination to effect a reduction in civilian personnel and to assign military personnel to carry on the dutice formerly performed by civilian personnel is a problem outside our jurisdiction and is not the basis upon which we could accept a reduction in force appeal."[8] However, it is immaterial, if true, that the Commission gave this advice; for the giving of this advice could not and did not deprive plaintiffs of their right to appeal to the Commission, if discharged in violation of 5 U.S.C.A. 652 and 861.
 
 
 8
 It did not appear from the complaint that plaintiffs had appealed to the Commission or had invoked any other administrative remedy. Much less did it appear that they had exhausted their administrative remedy or remedies. Instead, it appeared that they had not done so. Hence the District Court had no jurisdiction of the action.[9] This is true despite the fact-- if it was a fact-- that no administrative remedy was available to plaintiffs before they were discharged.[10] As to whether any such remedy was available to them before they were discharged, we express no opinion.
 
 
 9
 Judgment affirmed.
 
 
 10
 POPE, Circuit Judge (dissenting).
 
 
 11
 I find myself unable to concur. The judgment below was based upon the claimed insufficiency of the allegations of the complaint, and this court sustains that action upon the stated ground that plaintiffs had not first exhausted an administrative remedy.
 
 
 12
 The statement of facts in the majority opinion is too brief to disclose the real grounds of the complaint. As I read it, the complaint undertakes to negative any suggestion that this was a reduction in force,[1] or a removal, suspension or discharge for cause. It makes plain that appellants complain because they, long time civilian civil service employees, are about to be replaced in their positions by military personnel in direct violation of the direction of the Secretary of Defense that such should not be done.
 
 
 13
 As Civil Service employees they cannot be ousted without compliance with law. Roth v. Brownell, 94 U.S.App.D.C. 318, 215 F.2d 500. Their removal by an expedient particularly prohibited by the Secretary is not only unlawful, but void.
 
 
 14
 The case of Fitzpatrick v. Snyder, 1 Cir., 220 F.2d 522, 525, cited in the majority opinion, expressly recognized the continuing validity of the rule in Wettre v. Hague, 1 Cir., 168 F.2d 825, that where 'plaintiffs are able to show a clear violation of some incontestible right under a federal statute' then there need be no exhaustion of administrative remedies. We recognized the rule of the Wettre case in Dragna v. Landon, 9 Cir., 209 F.2d 26, 28, as another statement of the rule of Skinner & Eddy Corp. v. United States, 249 U.S. 557, 562, 39 S.Ct. 375, 63 L.Ed. 772.
 
 
 15
 Another reason why the failure to exhaust administrative remedies is not material here is that there were no such remedies for appellants to employ. Title 5, 652 and 863 refer to discharges for cause; 861 refers to reduction in personnel. Neither situation is presented here, and administrative remedies in those circumstances furnish no aid here. The regulations relating to administrative Personnel relate to those other kinds of situations.[2] One looks in vain for a regulation dealing with the remedy of an employee who is simply replaced with military personnel.
 
 
 16
 In fact, the complaint shows that appellants did indeed 'exhaust' this nonexistent administrative remedy, for they were advised by the Civil Service Commission: 'In reply to your recent letter, you are advised that the agency's determination to run a reduction in force in any particular kind of work is not appealable to the U.S. Civil Service Commission under the Retention preference regulations. An agency determination to effect a reduction in civilian personnel and to assign military personnel to carry on the duties formerly performed by civilian personnel is a problem outside our jurisdiction and is not the basis upon which we could accept a reduction in force appeal.' I cannot see what more could be expected.
 
 
 17
 The result of all this is, in my view, that these appellants have rights, established by law, which they are entitled to have determined in the court below, for they have presented a justiciable issue. As in Stark v. Wichard, 321 U.S. 288, 64 S.Ct. 559, 570, 88 L.Ed. 733, the right to a judicial determination of appellants' rights 'is found in the existence of courts.'[3]
 
 
 18
 I would remand the case for its consideration on the merits. In a case as important as this (if this case stands real protection for civilian civil service in the Defense Department is gone) I think it particularly unwise to dispose of the case on the complaint alone for the same reasons stated in Kennedy v. Silas Mason Co., 334 U.S. 249, 256-257, 68 S.Ct. 1031, 92 L.Ed. 1347.
 
 
 
 [1]
 Hills v. Eisenhart, D.C.N.D.Cal., 156 F.Supp. 902
 
 
 [2]
 See 28 U.S.C.A. 1919
 
 
 [3]
 See 5 U.S.C.A. 652 and 863
 
 
 [4]
 Johnson v. War Assets Administration, 7 Cir., 171 F.2d 556; Johnson v. Nelson, 86 U.S.App.D.C. 98, 180 F.2d 386; Green v. Baughman, 94 U.S.App.D.C. 291, 214 F.2d 878; Young v. Higley, 95 U.S.App.D.C. 122, 220 F.2d 487; Fitzpatrick v. Snyder, 1 Cir., 220 F.2d 522; Burns v. McCrary, 2 Cir., 229 F.2d 286
 
 
 [5]
 To whom this advice was given the complaint did not say
 
 
 [6]
 Whose letter this was the complaint did not say
 
 
 [7]
 What agency this was the complaint did not say
 
 
 [8]
 In this advice, nothing was said about appeals by employees discharged in violation of 5 U.S.C.A. 652 and 861
 
 
 [9]
 See cases cited in footnote 4. See also Porter v. Investors Snydicate, 286 U.S. 461, 52 S.Ct. 617, 76 L.Ed. 1226; Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638; Macauley v. Waterman Shipbuilding Corp., 327 U.S. 540, 66 S.Ct. 712, 90 L.Ed. 839; Aircraft & Diesel Corp. v. Hirsch, 331 U.S. 752, 67 S.Ct. 1493, 91 L.Ed. 1796
 
 
 [10]
 See cases cited in footnotes 4 and 9
 
 
 [1]
 The complaint is not too clear, and perhaps should be ordered to be made more definite. It sets out (paragraph III) an order to 'effectuate a 5% reduction of civilian payroll funding', with 'reduction in civilian personnel levels * * * without replacement by military personnel,' and alleges (par. V) that defendants, contrary to the stated restriction replaced appellants with military personnel. See the final pargraph of this opinion
 
 
 [2]
 Code of Federal Regulations, Title 5, Chap. I, 'Civil Service Commission', particularly Parts 9 and 20
 
 
 [3]
 'When Congress passes an Act empowering administrative agencies to carry on governmental activities, the power of those agencies is circumscribed by the authority granted. This permits the courts to participate in law enforcement entrusted to administrative bodies only to the extent necessary to protect justiciable individual rights against administrative action fairly beyond the granted powers. The responsibility of determining the limits of statutory grants of authority in such instances is a judicial function entrusted to the courts by Congress by the statutes establishing courts and marking their jurisdiction.' 321 U.S. at pages 309-310, 64 S.Ct. at page 571
 For a recent expression of this view of a court's jurisdiction, see Harmon v. Brucker, 355 U.S. 579, 78 S.Ct. 433, 435, 2 L.Ed.2d 503:
 'Generally, judicial relief is available to one who has been injured by an act of a government official which is in excess of his express or implied powers. * * * The District Court had not only jurisdiction to determine its jurisdiction but also power to construe the statutes involved to determine whether the respondent did exceed his powers. If he did so, his actions would not constitute exercises of his administrative discretion, and, in such circumstances as those before us, judicial relief from this illegality would be available.'