**George A. FINCH, Jr., Plaintiff**

v.

**William P. ROGERS, Defendant.**

No. 410-60.

United States District Court
District of Columbia,
Civil Division.

Feb. 23, 1960.

Ford E. Young, Jr., Washington, D. C., for plaintiff.

Donald B. MacGuineas, Washington, D. C., for defendant.

YOUNGDAHL, District Judge.

Plaintiff is an attorney in the Office of Alien Property, Department of Justice. Because of its diminished work load, the office was required by the Bureau of the Budget to reduce its level of employment. Plaintiff, a veteran, received a letter on January 14, 1960, notifying him that his employment would be terminated effective February 19, 1960, at the close of the business day. On January 27, 1960, plaintiff objected to this decision and an administrative hearing before the Board of Review was set down for February 23, 1960.

On February 10, 1960, plaintiff filed a complaint for an injunction and a declaratory judgment and on February 18, 1960, plaintiff's motion for a preliminary injunction to enjoin the defendant from discharging him and defendant's motion to dismiss the complaint or, alternatively, for summary judgment came on to be heard.

It is clear that if the plaintiff ultimately succeeds anywhere along the line— either before an administrative body or a court—he will be reinstated and will receive his pay retroactive to his date of discharge. This being so, and since it does not appear to the Court that exceptional circumstances [1] exist, the Court is of the opinion that the plaintiff should exhaust his administrative remedies prior to the invocation of judicial action. Green v. Baughman, 1954, 94 U.S.App.

---

1. E. g.: "It is true that the presence of constitutional questions, coupled with a sufficient showing of inadequacy of prescribed administrative relief and of threatened or impending irreparable injury flowing from delay incident to following the prescribed procedure, has been held sufficient to dispense with exhausting the administrative process before instituting judicial intervention." Aircraft & Diesel Equipment Corp. v. Hirsch, 1947, 331 U.S. 752, 773, 67 S.Ct. 1493, 1503, 91 L.Ed. 1796.

D.C. 291, 214 F.2d 878. Accordingly, the plaintiff's motion will be denied and the defendant's motion to dismiss will be granted, without prejudice to a suit being brought by the plaintiff in the event the administrative bodies act adversely to his interests. Cf. Fitzpatrick v. Snyder, 1 Cir., 1955, 220 F.2d 522, 526, certiorari denied, 1955, 349 U.S. 946, 75 S.Ct. 875, 99 L.Ed. 1272.

The Court requests counsel for the defendant to prepare findings of fact, conclusions of law and a judgment in conformity with this memorandum opinion.