442 F.2d 993
 AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES (AFL-CIO), LOCAL
1904, AFGE (AFL-CIO), LOCAL 1498, AFGE (AFL-CIO),
et al., Appellants,
v.
Stanley R. RESOR, Secretary of the Army, et al.
 No. 18952.
 United States Court of Appeals, Third Circuit.
 Argued March 5, 1971.
Decided May 24, 1971.
 
 Joseph Meehan, Long Branch, N.J., for appellants.
 James C. Hair, Jr., Dept. of Justice, Washington, D.C., for appellees.
 Before HASTIE, Chief Judge, and ADAMS and GIBBONS, Circuit Judges.
 OPINION OF THE COURT
 ADAMS, Circuit Judge.
 
 
 1
 This case concerns the application of the doctrine of exhaustion of administrative remedies to a suit challenging demotions and discharges by a governmental agency.
 
 
 2
 The plaintiffs are civilians employed by the United States Army Electronics Command (ECOM) at Fort Monmouth, New Jersey and Philadelphia, Pennsylvania and their union, the American Federation of Government Employees (AFL-CIO). Early in March, 1970, ECOM decided to reduce the number of its employees at Fort Monmouth and Philadelphia. Pursuant to such decision, ECOM notified approximately 4,000 employees that in May, 1970 the number of civilians employed by ECOM would be substantially reduced. In May, 1970, the individual plaintiffs and the union filed a complaint in the District Court for the District of New Jersey seeking preliminary and mandatory injunctions to prevent the discharges and demotions contemplated by ECOM. The plaintiffs charged that various statutes, civil service regulations, army regulations, and executive orders would be violated by the proposed reduction in the number of government employees working for ECOM, and by the substitution for them of military personnel and independent contractors.
 
 
 3
 The primary responsibility for formulating and enforcing standards relating to the release and demotion of government employees lies with the Civil Service Commission. 5 U.S.C.A. 3502(a); (b). Pursuant to the authority granted by Congress, the Civil Service Commission requires that an employee before being released or demoted must be notified of such action 'at least thirty full days, but not more than ninety full days before the effective date' of his separation or change in status. 5 C.F.R. 351.801-807. After receiving notice of the proposed action, the employee may appeal to the Civil Service Commission. 5 C.F.R. 351.901. If the affected employee is dissatisfied with the initial Commission action, he may appeal to the Board of Appeals and Review, 5 C.F.R. 772.307. Finally, an employee may petition the Civil Service Commissioners to reopen and reconsider the decision of the Board of Appeals and Review. 5 C.F.R. 772.308.
 
 
 4
 Pursuant to the congressional direction of 5 U.S.C.A. 3502(a), the Civil Service Commission has provided regulations controlling the procedures by which the government may reduce its civilian work force. These regulations provide criteria for assigning relative retention standing to individual employees and for the establishment of competitive areas within which the assigned retention standing operate to regulate the order for dismissing employees. 5 C.F.R. Part 351.
 
 
 5
 The District Court did not err in declining to decide the substantive allegations made by the plaintiffs because, although administrative remedies have been pursued by all the individual plaintiffs, the administrative procedures have not been exhausted. The general rule regarding the requirement of exhaustion of remedies is clear-- when Congress has provided an administrative procedure which is capable of resolving a controversy such procedure must be utilized. It is only after the final administrative decision that the aggrieved parties may invoke the jurisdiction of the courts, e.g. Aircraft & Diesel Corp. v. Hirsch, 331 U.S. 752, 67 S.Ct. 1493, 91 L.Ed. 1796 (1947); Hills v. Eisenhart, 256 F.2d 609 (9th Cir. 1958); Burns v. McCrary, 229 F.2d 286 (2nd Cir. 1956). For the courts to act prematurely, prior to the final decision of the appropriate administrative agency, would raise a serious question regarding the doctrine of the separation of powers, and in any event would violate a congressional decision that the present controversy be initially considered by the Civil Service Commission.
 
 
 6
 As explained by the Supreme Court in Aircraft & Diesel Corp.,
 
 
 7
 'The very purpose of providing either an exclusive or an initial and preliminary administrative determination is to secure the administrative judgment either, in the one case, in substitution for judicial decision or, in the other, as foundation for or perchance to make unnecessary later judicial proceedings. Where Congress has clearly commanded that administrative judgment be taken initially or exclusively, the courts have no lawful function to anticipate the administrative decision with their own, * * *' 331 U.S. at 767, 67 S.Ct. at 1500.
 
 
 8
 To be sure, as with most general rules of decision, there are exceptions. Thus, if the prescribed administrative procedure is clearly shown to be inadequate to prevent irreparable injury, or when there is a clear and unambiguous statutory violation, then a court need not defer decision until the conclusion of the administrative inquiry. Aircraft & Diesel Corp., supra, at 773, 67 S.Ct. 1493; Fitzpatrick v. Snyder, 220 F.2d 552, 525 (1st Cir. 1955), cert. denied 349 U.S. 946, 75 S.Ct. 875, 99 L.Ed. 1272; Wettre v. Hague, 168 F.2d 825 (1st Cir. 1952). Shargel v. Hollis, 120 F.Supp. 814 (S.D.N.Y.1954); Reeber v. Rossell, 91 F.Supp. 108 (S.D.N.Y.1950).
 
 
 9
 The plaintiffs contend that their complaint presents allegations sufficient to justify the application of this exception to the exhaustion of remedies doctrine. However, the exception is an extraordinarily narrow one, and whether the plaintiffs may successfully invoke it is within the discretion of the district court. Wettre v. Hague, supra, 168 F.2d at 826. Before the district court's discretion may be exercised, it must be shown that the alleged violation 'is patently at variance' with one of the plaintiffs' rights. Fitzpatrick v. Snyder, supra, 220 F.2d at 526. As stated by the District Court plaintiffs' allegations have not set forth the existence of irreparable harm nor have they asserted unambiguous statutory or constitutional violation which would justify a departure from the congressional mandate requiring civil service disputes to be presented initially to the Civil Service Commission.
 
 
 10
 Plaintiffs place heavy reliance upon Lodge 1858 v. Paine, 436 F.2d 882 (D.C. Cir. 1970) (per Judge Robinson, Judge Tamm concurring in result) as authority for their contention that administrative remedies need not be exhausted in this case. In Lodge 1858, however, Judge Robinson made it clear that the exhaustion of remedies doctrine was not at issue, because prior to the court's decision administrative remedies had been completely exhausted. 436 F.2d at 897. Thus Lodge 1858 is not support for plaintiffs' position regarding exhaustion of administrative remedies.[1]
 
 
 11
 The plaintiffs also alleged in their complaint that they have a right to inspect and copy certain employees files, denominated 'retention lists.' Since the Civil Service Commission apparently is not empowered to provide the relief sought by the plaintiffs in this regard, the exhaustion of remedies doctrine is inapplicable to such portion of the complaint.
 
 
 12
 Accordingly, we affirm the District Court's decision to defer hearing the portion of the complaint which raises issues cognizable by the Civil Service Commission, and remand for a hearing on the merits of the portion of the complaint regarding the inspection and copying of records.
 
 
 
 [1]
 Judge Robinson stated:
 'Resort to the courts must ordinarily be postponed until administrative remedies available for rectification of the errors complained of have been exhausted. And the court, as a general rule, must stay its hand in reduction in force controversies until administrative resolution of the matters in issue in a proceeding efficacious to that end.' 436 F.2d 882, at 896.