**MONTANA CHAPTER OF ASSOCIATION OF CIVILIAN TECHNICIAN, INC., Plaintiff,**

v.

**Brigadier General Rodger D. YOUNG, Chief of Staff of Air and Base Detachment Commander (BDC) of the State of Montana and Its National Guard, et al., Defendants.**

No. 3138.

United States District Court,
D. Montana,
Great Falls Division.
July 20, 1973.

McKittrick & Duffy, Great Falls, Mont., for plaintiff.

Robert L. Woodahl, Atty. Gen., State of Montana, Helena, Mont., and Otis Packwood, U. S. Atty., Billings, Mont., for defendants.

## ORDER

WILLIAM D. MURRAY, Senior District Judge.

The motion of defendants to dismiss for lack of jurisdiction having been filed herein, and briefs having been filed in support of said motion and in opposition to said motion, and the court having taken said motion under advisement and being fully advised in the premises,

It is therefore ordered and this does order that said cause of action is dismissed for lack of jurisdiction by reason of the plaintiff's failure to exhaust the administrative remedies available to it. Hills v. Eisenhart, 256 F.2d 609 (9th Cir. 1958).

The plaintiff is the representative for the air technicians employed by the Montana National Guard at Great Falls, Montana. The National Guard Technicians Act of 1968, 82 Stat. 755, requires air technicians to be members of the Air National Guard. As a result, they are subjected to the requirements of the Air Force Manual and the Air National Guard Regulations. Section 40–01 of the Air National Guard Regulations requires the air technicians to wear the Air Force uniform when performing technician duties, except when the state Adjutant General authorizes other appropriate attire. In addition, Section 35–10 of the Air Force Manual requires the uniformed technicians to conform with established military customs and courtesies.

The plaintiff represented the air technicians in their request to be relieved of the requirements set forth above. Defendant Adjutant General Womack informed the plaintiff that he would not discuss plaintiff's proposal, and that the uniform requirement would be enforced. Attempts to negotiate the matter further were unsuccessful after Adjutant General Womack submitted the issue of negotiability to the Chief, National Guard Bureau, and was informed that the proposal as a whole was non-negotiable, but that any dispute with regard to exempting specific functions and positions from the requirement was within the proper realm of negotiation.

All negotiations were made in accordance with Executive Order 11491, which establishes a comprehensive program governing labor-management relations in the federal service. Pursuant to Section 5 of EO 11491, the plaintiff submitted the dispute to the Federal Service Impasses Panel on November 5, 1971. The Panel determined that the parties had not exhausted all negotiation efforts and instructed them to resume discussions.

On January 13, 1972, in response to an inquiry from the plaintiff, Adjutant General Womack informed the plaintiff that further negotiations on the proposal as a whole would, in his opinion, be improper, but that discussions would continue with regard to those instances where wearing the uniform would present a hazard to the health and safety of the technicians.

On December 12, 1972, the plaintiff brought this action requesting that the defendants be required to revoke any regulations of the Air Force Manual or of the Air National Guard which require plaintiff's members to wear military uniforms while performing technician duties, and which subject them to military courtesy requirements. At no time prior to bringing this action has the plaintiff appealed to the Federal Labor Relations Council under Section 11(c) of EO 11491.

■ The failure of the plaintiff to exhaust its administrative remedies is a matter going to the jurisdiction of the court. Hills v. Eisenhart, 256 F.2d 609 (9th Cir. 1958). Therefore, if there remains an administrative remedy which has not been utilized, and if that remedy is such that it offers substantially similar relief as that requested from the court, no judicial jurisdiction will attach.

Section 11(c) of EO 11491 sets forth the appeal procedures to be used when an issue develops between labor and management as to the legality of an administrative regulation. Subsection (4) states:

"A labor organization may appeal to the (Federal Labor Relations) Council for a decision when—

.    .    .    .    .    .

(ii) it believes that an agency's regulation, as interpreted by the agency head, violate applicable law, regulation of appropriate authority outside the agency, or this order."

Plaintiff's claim that the Air National Guard Regulation violates equal protection as guaranteed under the Fifth Amendment comes within this section, since the Fifth Amendment is "applicable law".

■■ Plaintiff claims that no relief could be granted by the Federal Labor Relations Council because the issue presented is constitutional in nature. Although it is well decided that an administrative agency cannot rule on the constitutionality of its own enabling act, the doctrine of exhaustion of administrative remedies is not generally prevented from operation solely by the fact that the party applying for judicial relief urges a violation of rights secured by the constitution. Aircraft & D. Equipment Corp. v. Hirsch, 331 U.S. 752, 67 S.Ct. 1493, 91 L.Ed. 1796; Illinois Commerce Commission v. Thomson, 318 U.S. 675, 63 S.Ct. 834, 87 L.Ed. 1075. In the case at bar, the plaintiff does not challenge any provision of EO 11491, which establishes the Federal Labor Relations Council. The disputed regulations are those of agencies involved in federal labor negotiations, and are thus specifically contemplated by Section 11.

The plaintiff has not made a showing that irreparable damage will result if it is required to pursue the appeal procedures set forth in EO 11491. Nothing concrete has been presented which would indicate that the appeal would be futile. Therefore the exhaustion doctrine is applicable in this case, and the jurisdiction of this court will not attach until such time as all administrative remedies have been exhausted.