ERVIN, Chief Judge,
specially concurring.
It may seem somewhat anomalous to refrain from requiring an administrative hearing when the hospitals did not obtain a clear point of entry into the administrative process at the time fees were set for the fiscal years 1976-77 and 1979-80. Nevertheless, I concur, under the unique circumstances of this case, with the conclusion reached. Florida courts have generally recognized that if administrative remedies are inadequate, the exhaustion doctrine may be dispensed with. See State ex rel Dept. of General Services v. Willis, 344 So.2d 580, 591 (Fla. 1st DCA 1977). Federal courts, moreover, have often declined to require adherence to the exhaustion doctrine if it is determined that the prescribed administrative procedure is clearly inadequate to prevent irreparable injury. American Federation of Government Employees, Local 1904 v. Resor, 442 F.2d 993, 994-95 (3d Cir.1971); accord, Renegotiation Board v. Bannercraft Clothing Co., Inc., 415 U.S. 1, 24, 94 S.Ct. 1028, 1040, 39 L.Ed.2d 123 (1974).
The hospitals before us were aware, under the statutory scheme establishing the Patient’s Compensation Fund, section 768.-54(3)(c), Florida Statutes (1977), that additional assessments might thereafter be made if the fees established for a given fiscal year proved inadequate. Certainly they understood that assessments might be imposed several years after the year in question. Knowing all of this they should also have comprehended that the rights of others — physicians and injured plaintiffs— might be affected if they delayed an attack on the amount of the fees originally charged until an assessment was made. I therefore agree that appellants received all that they were entitled to under the Administrative Procedure Act: a section 120.57(1) hearing following the levy of the assessments.