Sophia S. BERNSTEIN,

v.

William R. RICHARDS, F. P. Shea and William A. Foley.

Civ. No. 54-721.

United States District Court
D. Massachusetts.

Oct. 5, 1954.

As Amended Oct. 19, 1954.

Sumner M. Lieberman, Boston, Mass., for plaintiff.

Anthony Julian, U. S. Atty., Jerome Medalie, Asst. U. S. Atty., Boston, Mass., for defendant.

SWEENEY, Chief Judge.

The opinion filed on October 5, 1954, in the above-entitled action is amended as follows: In this action the plaintiff seeks a preliminary injunction against dismissal from her employment as a deputy shipping commissioner and a judgment that she is entitled to be maintained as such in the 1st United States Coast Guard District. A stipulation was entered into by the parties that the plaintiff would be retained on the payroll and in her position until the Court's decision on the merits. The case has now been heard on the merits and the defendant asserts as part of its defense that this Court has no jurisdiction and that the plaintiff has a complete and adequate remedy at law under 5 U.S.C.A. § 652(b)(3). To me the case has much appeal for in essence it presents the question whether a female employee in the high position of deputy shipping commissioner can be relegated to a much lower grade in a reduction in force merely because she is a woman and part of her duties includes boarding ships both at the docks and in stream and performing all of the duties of a deputy shipping commissioner including inspection of the sanitation of the ship. When ordered to do so in the year 1953, this plaintiff actually boarded a ship in stream and demonstrated her ability to perform the duties. She now alleges she is willing and able to perform similar duties in the next lower grade. All in all it presents a very nice question of law but I am of the opinion that the question will have to be decided in another forum. The plaintiff seeks equitable relief but I find that she has a plain and adequate remedy at law. There is no necessity for equitable relief, for if she is entitled to the position she seeks in the next lower grade and it is so ruled in the proper court, she will receive full damages. The defendants' motion to dismiss for lack of jurisdiction is therefore allowed.