Aristotle CHLOROS, John J. MacDonald, and John J. Delehanty, Plaintiffs,

v.

Arthur C. CARROLL, Colonel, Air Force Reserves, Commander 94th Troop Carrier Wing, United States Air Force, Laurence G. Hanscom Field, Bedford, Mass., Defendant.

Civ. A. No. 63–73–C.

United States District Court
D. Massachusetts.

Feb. 11, 1963.

John J. Kerrigan, Boston, Mass., for plaintiffs.

John J. Curtin, Jr., Asst. U. S. Atty., for defendant.

CAFFREY, District Judge.

This is a civil action brought by three civilian employees of the United States Government against Colonel Arthur C. Carroll, Commanding Officer, 94th Troop Carrier Wing, United States Air Force, located at Laurence G. Hanscom Field, Bedford, Massachusetts. The following allegations of the complaint are taken as true for purposes of passing on plaintiffs' application for a temporary injunction, and for the purpose of passing on the motion to dismiss filed by the defendant.

This action is brought under the Declaratory Judgments Act, 28 U.S.C.A. § 2201, the Veterans' Preference Act, 5 U.S.C.A. § 851, and under otherwise unspecified "regulations and instructions of the United States Civil Service Commission and instruction (sic) of the Department of the Air Force."

The plaintiffs are employees of the United States Government with competitive status in accordance with United States Civil Service Commission regulations and are Veterans Preference eligibles under the Veterans' Preference Act. They are employed at Bedford Air Force Base as flight line mechanics. Each plaintiff is a Veterans Preference eligible and career Civil Service employee of the Department of the Air Force of the United States and as such is under the supervision of the defendant.

Plaintiffs allege that as a condition of their employment they were required to become members of the Air Force Reserve Technician Plan with the stipulation that loss of active reserve status for reasons other than subsequent physical disqualification would provide a basis for separation from their Government employment. They were placed on active duty with the Air Force on October 28, 1962 and were relieved from active duty on November 28, 1962. Their enlist-

ment in the Air Force Reserve Technician Plan expired during this period. On December 3, 1962, they requested re-employment in writing and were accepted by the Department of the Air Force and re-employed in their former positions.

On December 3 and December 6, 1962, plaintiffs were advised by representatives of the 94th Troop Carrier Wing that the conditions of their re-employment to their former positions made it mandatory that they re-enlist in the Air Force Reserve Technician Plan.

On January 4, 1963, the plaintiffs received written notice of proposed removal signed by the defendant. These notices informed plaintiffs that they were to be removed from their positions as civilian employees because of their failure to re-enlist in the Air Force Reserve Technician Plan on or about thirty days after the issuance of the letter of notice of proposed removal.

It is plaintiffs' position that the notice of removal violates their rights under Sections 12 and 14 of the Veterans' Preference Act and also violates their rights to re-employment under Section 35.204 of the regulations of the United States Civil Service Commission. The complaint concludes with a recital that if removed plaintiffs will suffer immediate and irreparable injury and damage, that they have no adequate remedy at law, that a temporary injunction be issued, and that after hearing defendant be permanently restrained from removing plaintiffs from their Civil Service positions.

Defendant filed a motion to dismiss on the ground of lack of jurisdiction because (1) the cause in essence is one against the United States which has not consented to be sued, and (2) plaintiffs have failed to exhaust the administrative remedies given to them by Section 14 of the Veterans' Preference Act, 5 U.S.C.A. § 863, or the remedies given to them in the alternative by Executive Order No. 1987 as implemented in Air Force Manual 40–1 at A12, entitled "Appeals and Grievances." The defendant also says

that the provision in 5 U.S.C.A. § 652(b), providing for back pay, establishes that no irreparable damage is involved even if the removal be wrongful.

The motion to dismiss must be granted upon the second ground, namely, failure of plaintiffs to exhaust their administrative remedies. See Fitzpatrick v. Snyder, 220 F.2d 522 (1 Cir., 1955), cert. den. 349 U.S. 946, 75 S.Ct. 875, 99 L.Ed. 1272; Bernstein v. Richards, 125 F.Supp. 720 (D.Mass.1954); Burns v. McCrary, 229 F.2d 286 (2 Cir., 1956). I do not reach the other grounds relied upon by defendant.

The motion to dismiss is allowed.

Complaint dismissed.