**Michael J. SCARPA, Plaintiff,**

v.

**C. R. SMITH, Secretary, U. S. Department of Commerce; Silvio G. Simplicio, Director, Eastern Region, U. S. Department of Commerce, ESSA, Weather Bureau Eastern Region, Garden City, New York; Lawrence H. Baer, New York, Regional Director; William P. Berzak, Chairman, Board of Appeals and Review, U. S. Civil Service Commission, Washington, D. C.; and John W. Macy, Jr., Chairman, L. J. Andolsek and Robert E. Hampton, Commissioners, constituting the United States Civil Service Commission, Defendants.**

No. 68 Civ. 4455.

United States District Court
S. D. New York.

Dec. 6, 1968.

M. Eli Kramer, New York City, for plaintiff.

Robert M. Morgenthau, U. S. Atty., for the Southern District of New York, for defendants, by David L. Katsky, Asst. U. S. Atty.

MANSFIELD, District Judge.

Plaintiff is a meteorologist employed by the Environmental Science Services Administration, a primary organization within the Department of Commerce. Until October 23, 1968 he was assigned to the Weather Bureau's New York of-

fice, but on that date he was reassigned to the Bureau's office in Trenton, New Jersey.

On November 12, 1968, Mr. Scarpa filed his complaint in this action requesting, among other things, that defendants be permanently enjoined from transferring him from the New York office. He now moves, by order to show cause, for a temporary injunction, pursuant to 5 U.S.C. § 705 and Rule 65, F.R.Civ.P., enjoining defendants from transferring him to Trenton until a final determination is made with respect to his complaint.

Plaintiff attacks his transfer on the ground that it stemmed from his activities as president of Local R2–15 of the National Association of Government Employees ("NAGE") and was effected without the procedural protection guaranteed by 5 U.S.C. § 7511 to "preference eligible" employees who are the subject of adverse action. Defendants reply that the transfer was necessary because plaintiff's behavior has made it difficult for the New York office of the Weather Bureau to function efficiently. They also point out that on June 30, 1968 the Weather Bureau withdrew its recognition of Local R2–15 of NAGE as the exclusive representative of non-supervisory personnel in its New York office. This action was attacked in an action instituted in the United States District Court for the District of Columbia entitled National Association of Government Employees, et al. v. Robert M. White et al. (68 Civ. 1617), and defendants' affidavits inform the Court that this action was dismissed, in an oral decision, for lack of jurisdiction.

Defendants do not dispute that plaintiff is a "preference eligible" employee, nor do they contend that his transfer was effected in conformity with 5 U.S.C. § 7512. They point out, however, that regardless of the reasons for their action a transfer or reassignment is not "adverse action" within the meaning of that statute, and therefore they were not required to conform to its requirements.

On oral argument plaintiff's attorney conceded this point. Indeed he had little choice when faced with the applicable statutory definition of "adverse action," for that term is defined by 5 U.S.C. § 7511 as "a removal, suspension for more than 30 days, furlough without pay, or reduction in rank or pay." See also Federal Personnel Manual, ch. 335, subch. 1 at 1–5(b) stating "Generally reassignments (as distinguished from demotions) are not subject to the adverse action requirements".

In any event, as plaintiff points out in his affidavit, he will not have exhausted his administrative remedies until his appeal from the determination to transfer him is decided by the Board of Appeals and Review, United States Civil Service Commission. Nevertheless, he contends that the Court, pursuant to 5 U.S.C. § 705 as well as by virtue of its inherent equity powers may issue a preliminary injunction to maintain the status quo pending a final determination of his rights.

Assuming *arguendo* that the Court will have jurisdiction to review the ultimate agency determination in this case, plaintiff has not made a showing justifying injunctive relief. The Administrative Procedure Act gives a reviewing court "to the extent necessary to prevent irreparable injury" the right to preserve the status quo, 5 U.S.C. § 705. Furthermore, we must be guided by the principle that a stay would ultimately be granted only upon a showing that plaintiff is likely to prevail on the merits and that no harm would result therefrom to others or to the public interest. See, Eastern Air Lines v. Civil Aeronautics Board, 261 F.2d 830 (2d Cir. 1958). Plaintiff's affidavit offers no facts to support a finding that he will be irreparably injured if his transfer is not enjoined. Plaintiff's claim that the transfer to Trenton will deprive him of $1,500 per year and will impose a hardship on him and his family are unsupported by any factual proof. On the contrary, it appears that plaintiff will receive the same pay in Trenton as he

has received in New York. Since he resides in East Brunswick, New Jersey, which is geographically closer to the Weather Bureau's Trenton office than to its New York office, no substantial inconvenience to him or his family will be created.

Plaintiff's argument that he will be irreparably injured if the final administrative determination is unfavorable to his contentions because he will not be able to obtain judicial relief ordering that he be reinstated in the New York office is based on misplaced reliance on Reeber v. Rossell, 91 F.Supp. 108, 113 (S.D.N.Y.1950). That case involved dismissals, not transfers, and possible irreparable injury in the form of loss of income was clearly present. Further, the dictim in that case suggesting that a court would be powerless to order reinstatement of plaintiff in the event that the agency ultimately reached an improper determination dismissing them is, in view of the subsequent enactment of 28 U.S.C. § 1361 (giving the district courts the power to issue mandamus against agency employees) no longer a problem. See also, Leeds v. Rossell, 101 F.Supp. 481 (S.D.N.Y.1951).

Aside from the absence of a showing of irreparable injury, proof has been offered to the effect that substantial harm would result to the public interest if the Weather Bureau's New York office were required to continue plaintiff in its employ there pending disposition of the issues which he has raised. Prior to his reassignment to Trenton, a series of unpleasant incidents involving him, his superiors and fellow employees occurred in the New York office, including disputes, loud language and lack of courtesy and mutual respect, creating strong emotional stresses on the part of those involved. Such conduct, regardless of its cause, is hardly conducive to the efficient operation of such an important office.

Since plaintiff has failed to show that irreparable injury would result from denial of a stay pending exhaustion of his administrative remedies and the issuance of such a stay is likely to harm the public interest by reason of its adverse effect on the efficiency and morale of the Weather Bureau's New York office, the application for preliminary injunctive relief is denied.

The foregoing constitutes the Court's findings and conclusions pursuant to Rule 52(a), F.R.C.P.

So ordered.