James R. SPARKS, James A. Henson, Shelby F. McCurnin and Perry W. Taylor, Jr.

v.

FEDERAL AVIATION AGENCY, and Norman A. Amudsen, Hearing Officer.

Civ. A. No. 69–220.

United States District Court
E. D. Louisiana,
Baton Rouge Division.

Nov. 4, 1969.

Baton Rouge, Louisiana, are entitled, as of right, to have a verbatim transcript made of a hearing at which their grievance over a pending transfer to another place of employment is to be con-. sidered. It is the contention of these plaintiffs that they are entitled, at their own expense, to have a qualified court reporter present at their grievance hearing to make a verbatim transcript of everything that goes on at the hearing. Respondents contend that under the law the hearing officer may hold the hearing on a purely informal basis, and may, if he chooses, prepare a summary of the proceedings rather than a complete transcript for use by the appeals officer if necessary. It is respondents' further contention that it is discretionary with the hearing officer and not with the plaintiffs as to how the hearing will be conducted.

At the outset it must be noted that this is purely a personnel problem involving these plaintiffs and their employer, the Federal Aviation Agency, and that unless unusual circumstances warrant it, the Court, in my opinion, should not interfere.

As long as properly established administrative remedies are available, the plaintiffs should be required to seek them. It becomes a matter for the Court to consider only after all administrative remedies are exhausted and only after it appears that federal questions, or questions of constitutional proportions, are involved. This Court cannot assume that plaintiffs' rights to due process of law will be violated by the hearing officer. On the contrary, the Court must assume that their constitutional rights will be duly accorded them by the hearing officer and by the appeals officer if an appeal is taken. In order for this Court to hold here in favor of these plaintiffs, it would be necessary to assume that the summary or transcript of the proceedings to be prepared by the hearing officer will be incomplete, inaccurate, or false. No such assumption is warranted.

John M. Mamoulides, Allen & Mamoulides, Metairie, La., F. Lee Bailey, Boston, Mass., Robert W. Hartson, Dallas, Tex., for plaintiffs.

Louis C. LaCour, U. S. Atty., Charles H. White, Asst. U. S. Atty., Eastern District of Louisiana, New Orleans, La., for defendants.

WEST, Chief Judge:

This matter presents the narrow question of whether or not the plaintiffs, who are employees of the Federal Aviation Agency, stationed at Ryan Airport,

The Federal Aviation Agency's grievance procedures are established pursuant to general guidelines promulgated by the Civil Service Commission. These guidelines provide, in part, that:

" * * * agencies should tailor their grievance procedures to their own specific requirements and therefore should be free to experiment and devise techniques most suited to their needs. The standards prescribed by the Commission are purposely very broad." Federal Personnel Manual, Sub-Chapter 1, Paragraph 1–2.

It is further provided that:

"In general, personal presentation to an individual or group should be as informal as practicable. Every effort must be made to develop an atmosphere that encourages the employee, his representative, and all witnesses to express themselves freely and without a feeling of being overwhelmed or intimidated." Federal Personnel Manual, Sub-Chapter 1, Paragraph 1–7f(3).

And as to the kind of record that must be made, the guidelines provide:

"Each procedure must provide that a file be established whenever an employee presents a grievance that goes beyond the level of informal discussion. This file must contain, at a minimum, the following:

"(1) The written complaint;

"(2) The summary or transcript of any proceeding before an individual or group to which a personal presentation is made;

"(3) The individual or group's findings, or findings and recommendations;

"(4) Documentary evidence considered in resolving the grievance; and

"(5) The written decision."

Federal Personnel Manual, Sub-Chapter 1, Paragraph 1–7i.

Pursuant to these guidelines, the Federal Aviation Agency promulgated its "FAA Handbook" which sets out the procedures to be followed in presenting grievances. These procedures are in complete accord with the guidelines promulgated by the Civil Service Commission. In the Handbook it is provided specifically that:

"416. *METHOD OF CONDUCTING THE GRIEVANCE INQUIRY.* The grievance inquiry shall be conducted in as informal manner as possible consistent with getting the facts. The employee and his representative have the right to make a personal presentation to the grievance examiner. The grievance examiner may conduct the grievance inquiry through any combination of informal interviews with those concerned, written inquiries, and appropriate record reviews. He may hold meetings with those concerned.

"417. *THE INQUIRY RECORD* is part of the grievance file covered in paragraph 410. As a minimum the record must contain a summary of the information submitted by each witness, and a summary of the position of the employee and the deciding official."

Thus, the hearing official, and not the plaintiffs, have the option as to whether a transcript shall be prepared or whether only a summary of the proceedings shall be made. The very essence of the grievance procedure is informality. If in the opinion of the hearing official the presence of a court reporter would tend to destroy the informality of the proceeding, or impair the ability or willingness of the witnesses to express themselves freely and without a feeling of being overwhelmed or intimidated, he has a right, under these established procedures, to prohibit the presence of a reporter at the hearing. He has a right to conduct the hearing informally, by interviews, or written inquiries, and to prepare a summary of the proceedings

rather than a complete transcript thereof. As far as these administrative proceedings are concerned, this discretion which is vested in the hearing examiner does not offend the due process clause or the equal protection clause of the United States Constitution, nor does it offend any federal law of which this Court is aware.

 Plaintiffs seek injunctive relief from this Court apparently based upon the contention that the summary of the proceedings to be made by the hearing examiner may not be an accurate summary, and if it is not, plaintiffs may be injured thereby. Injunctive relief can only be granted where there is no adequate remedy at law, and where it is shown that irreparable harm will be done if injunctive relief is denied. It cannot be said that these plaintiffs have no adequate remedy at law while they still have administrative remedies available which they have not exhausted. Neither can it be said in this case that there is any showing whatsoever of even a possibility of irreparable harm being done in the absence of an injunction. Plaintiffs have the right, under the law, to have their grievance heard by the hearing official; to have their appeal heard by an appeal official; and possibly thereafter to have a judicial review of the entire proceedings. Under the grievance procedures established by the Civil Service Commission and by the Federal Aviation Agency, plaintiffs are not entitled, as of right, to an adversary proceeding, nor are they entitled, as of right, to a hearing embodying the niceties of a judicial proceeding. They are merely entitled to present their grievance in accordance with the rules and procedures established by the agency involved, and to have their grievance passed upon by the hearing official, and, if desired, by an appeal official. The hearing official in this case has attempted to follow the established administrative procedures relative to the presentation of grievances and has concluded that no complete verbatim transcript of the proceedings is required or desired.

It is entirely within his discretion to make such a determination, and unless and until it can be shown that plaintiffs have, in fact, been damaged or deprived of some constitutional right thereby, this Court is without authority to grant the injunctive relief sought by plaintiffs. It may well be that the final actions of the hearing official and/or the appeals official will be subject to possible judicial review. But it is quite certain that such a review is not available unless and until plaintiffs have exhausted all available administrative remedies. For these reasons, plaintiffs' application for preliminary and permanent injunction will be denied, and the temporary restraining order heretofore issued in this matter is hereby recalled, rescinded and set aside. Judgment will be entered accordingly.