James A. HENSON, Shelby F. McCurnin, Jack F. Gaines and Warren Llado, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

UNITED STATES of America, the Department of Transportation and their agent, the Federal Aviation Administration, Defendants.

Civ. A. No. 70–1194.

United States District Court, E. D. Louisiana, New Orleans Division.

Oct. 28, 1970.

John M. Mamoulides, Metairie, La., for plaintiffs.

James Carriere, John Schupp, Asst. U. S. Attys., for defendants.

CASSIBRY, District Judge:

On May 8, 1970, plaintiffs, on behalf of themselves and all others similarly situated, moved this court for an order restraining the Federal Aviation Administration (FAA) from taking certain disciplinary action against them as a result of their alleged participation in a "sickout" which took place between March 25, 1970 and approximately April 20, 1970. The Government claimed that on the morning of March 25, 1970, numerous air traffic control specialists employed by FAA throughout its facilities in the United States failed to report for duty. The result was disruption of commercial, military, and private aviation activities throughout the country which continued until the abnormal number of absences ceased (about mid-April). Substantially all who absented themselves from time to time during this period were members of, or are represented by, the Profes-

sional Air Traffic Controllers Organization (PATCO).

Specifically, the court was asked to enjoin the FAA from arbitrarily classifying all absences as absence without leave ("AWOL"), and from taking punitive action against members of PATCO based solely on membership in PATCO. Plaintiffs' request for a temporary restraining order was denied and the matter was set for hearing on a preliminary injunction on May 15, 1970. On May 15, 1970, the motion for preliminary injunction was heard and taken under advisement. Also on May 15, 1970, plaintiffs amended their petition to include a large number of other plaintiffs. On June 22, 1970, plaintiffs filed a "Second Amended and Supplemental Complaint for Injunctive Relief" in which they alleged that plaintiffs Craig H. Mitchell and Toney A. Ludy had been notified by FAA that their employment with the FAA had been terminated effective June 27, 1970. The plaintiffs urged that their termination by FAA should be enjoined because they had not been "afforded an adversary type hearing, which is contrary to notions of justice and in violation of the due process of law, and deprives the plaintiffs of their property (job) without the due process of law." The thrust of plaintiffs' complaint is that all the plaintiffs were being subjected to various types of discipline for participating in a strike against the Government without being given a "fair hearing" comporting with due process of law. A trial on the second request for an injunction was set for June 26, 1970, but without further hearing or the submission of any other evidence, the matter was submitted that day on the pleadings and briefs.[1]

On July 20, 1970, judgment was rendered in favor of plaintiffs which ordered defendants by July 27, 1970 to restore all plaintiffs in the action to the duties in which they were engaged prior to March 25, 1970, and to withhold any further administrative order in respect to suspensions, remands or any other sanctions based upon the alleged work stoppage.

On July 24, 1970, on motion of the defendants, the court stayed execution of the judgment until July 27, 1970 and defendants filed a motion for summary judgment on the grounds that (1) plaintiffs' claims were in effect an unconsented suit against the sovereign and (2) plaintiffs had not exhausted all available administrative remedies. On the same date, the defendants filed a notice of appeal.

Claiming that the court's findings of fact were erroneous and that the Government should have an opportunity to prove it, the court ordered the judgment of July 20, 1970 vacated and set aside, and set a new date for further hearing on July 28, 1970. On joint motion of the parties the appeal was dismissed.

Further hearing was held on July 28, 1970, at the end of which plaintiff asked for and was granted a continuance until September 21, 1970. On September 17, 1970, defendants moved to dismiss and for summary judgment alleging that plaintiffs' claims were in effect an unconsented suit against the sovereign; plaintiffs had not exhausted their administrative remedies; claimants William Adkins, Larry C. Bearden, Allen Consla, James Estep, Richard H. Johnson and John O'Brien were precluded from relitigating the issues in the action because those same issues had been decided adversely to them in the United States District Court for the District of New Mexico on June 26, 1970; complainants Warren Llado, Clarence Hawkins, Marion A. Carr, John O'Brien,

---

1. This action has been dismissed with respect to two plaintiffs herein, James A. Henson and Shelby F. McCurnin, who were removed from federal employment effective May 5, 1970, as a result of earlier failure to report to new assignments in accordance with lawful transfers directed by the Federal Aviation Administration. See Sparks et al. v. F.A.A. et al., 305 F.Supp. 673 (D.C.E.D.La. Baton Rouge Div.); Sparks et al. v. United States et al., 310 F.Supp. 1261 (D.C.E.D.La. Baton Rouge Div.), decision of the Court issued March 26, 1970.

Charles Wise, Donald Bland, Tommy Cooper, Robert Blackburn, Edward Mc-Curdy and Ray Taggart were not entitled to any relief because they had either resigned their employment, not appealed disciplinary action taken against them, or been exonerated from disciplinary action. The motion and the merits were taken under submission.

This alleged strike by PATCO members against the airlines has resulted in considerable litigation around the country.[2] In many instances PATCO was denied injunctive or any other relief in suits similar to this one. PATCO did obtain protective orders on stays of any further disciplinary action against the controllers in cases in which the court had enjoined the alleged refusal to work. These cases are now pending in either District Courts or Courts of Appeal (see note 2). In any event, I had erroneously concluded after the first submission that the balance of the controllers around the country had the benefit of a protective order while all this litigation was pending, and that plaintiffs were then under a court order to return to work pursuant to District of Columbia Federal Court Injunction.[3]

2.          DISMISSED
1.  United States v. PATCO, No. C–61–70 (D.Utah, 1970).
2.  Harrison v. United States, No. S–1651 (E.D.Cal.1970).
3.  Schmidt v. United States, No. 70–C–157 (W.D.Wisc.1970).
4.  Herriges v. United States, No. 2926–GF (D.Mont.1970).
5.  United States v. PATCO, No. S–1577 (E.D.Cal.1970).
6.  United States v. Boylan, No. S–1588 (E.D.Cal.1970).
7.  United States v. PATCO, No. 70–670–R (C.D.Cal.1970).
8.  United States v. PATCO, No. A–40–70 (D.Alaska, 1970).
9.  Cain v. United States, No. 70–124 (S.D.Ind.1970).
10. Sokol v. United States, No. 70–S–63 (N.D.Ind.1970).
11. United States v. PATCO, No. LV–1419 (D.Nev.1970).
12. United States v. PATCO, No. 3–70–76 (D.Minn.1970).
13. United States v. PATCO, No. 4–1425 (N.D.Tex.1970).
14. Gertsen v. Department of Transportation, No. 70–3189 (D.Hawaii, 1970).
15. United States v. PATCO, No. C–3129 (D.Kan.1970).
16. Kynch v. Department of Transportation, No. 70–3190 (D.Hawaii, 1970).
17. Van Sant v. Department of Transportation, No. 70–3191 (D.Hawaii, 1970).
18. Ogden v. Department of Transportation, No. 34888 (E.D.Mich.1970).
19. United States v. PATCO, No. C–70–668–REP (N.D.Cal.1970).
20. Adkins v. Dalton, No. 8543 (D.N.M. 1970).
    PATCO INJUNCTION DENIED—PENDING ON MOTION TO DISMISS BY UNITED STATES
1.  United States v. PATCO, No. 908–70 (D.D.C.1970).
2.  United States v. PATCO, No. C–70–320 (N.D.Ohio, 1970).
3.  Riner v. Marsh, No. 18502–1 (N.D. Mo.1970).
    PROTECTIVE ORDERS IN FORCE ASSISTING CONTROLLERS
1.  United States v. PATCO, No. 70–C–410 (E.D.N.Y.1970). Pending on appeal by United States in the Second Circuit.
2.  United States v. Plasch, No. 70–C–746 (N.D.Ill.1970). Pending in District Court.
3.  United States v. PATCO, No. 381–70 (D.N.J.). Pending in District Court awaiting Second Circuit decision.
4.  United States v. Moore-Abnet, Nos. 224–70 and 225–70 (D.Colo.1970). Pending on motion to dismiss.
5.  United States v. PATCO, No. 70–377 (W.D.Pa.1970). Dismissed by District Court, stay order granted by and pending in Third Circuit.

3.  On March 25, 1970, on motion of the United States, the United States District Court, District of Columbia, issued a temporary restraining order enjoining PATCO, its officers, agents, servants, members, and persons acting in concert or participation with them, from engaging in any work stoppage or slow-down and instructing PATCO to take that action necessary to insure that its members returned to normal employment. Subsequently, on April 11, 1970, the District Court issued its findings and specifically

I proceed now to a reconsideration of this matter based upon the facts found in the subsequent hearing.

As a result of the alleged strike, FAA initiated various disciplinary actions against controllers believed to be involved. This number totaled 3,051. In the FAA's Southwest Region, in which plaintiffs worked, FAA claims 136 controllers participated in the strike and FAA began processing disciplinary actions in 60 cases in the region beginning May 13, 1970.

In connection with FAA's attempts to determine whether an absent controller was a participant in the strike, the following procedure was employed:

On or after March 25, 1970, controllers who failed to report for duty were sent telegrams instructing them either to report for work within 24 hours following receipt of the telegram or to provide an acceptable medical excuse for their absence. In some cases, either within or subsequent to the 24-hour period, employees who were absent submitted forms signed by their doctors indicating that they were sick. When such forms were submitted, employees were then requested, within five days, to submit additional medical information, including a definite diagnosis by a doctor and a statement of what the treatment consisted. This

medical information was reviewed by the agency's regional physician, who then determined whether the information constituted a satisfactory medical excuse for absence. Within the FAA's Southwest Region, 136 requests for medical information were made to absent controllers. By May 12, 1970, medical information submitted had been accepted in 71 cases, rejected in 60 cases, and 5 cases were still pending.

In those cases in which it was determined that an employee's medical information was not adequate to justify sick leave, the application of sanctions was invoked in accordance with agency guidelines.[4] In cases where an individual was believed to have merely absented himself from duty, the potential sanction was a suspension from pay for a period of one day for each day of absence; where the employee was believed to have actively led or encouraged others to engage in the strike, the potential penalty would be removal.

FAA has fully set forth the final procedure used in processing the various disciplinary actions and employee grievances.[5] The status of the various plaintiffs under this procedure is as follows:

No disciplinary action has been taken against plaintiff Blackburn. Plaintiffs,

---

held that the controllers' walk-out of March 25, 1970 constituted "a strike against the United States" and that such strikes "are expressly illegal by 5 U.S.C. 7311." On the same date, the court issued a preliminary injunction against PATCO, its officers and members. Further, on April 14, the same court found PATCO in contempt of its March 25, 1970 restraining order. United States of America v. PATCO, et al., C.A. 908–70 (D.Ct.D.C.). Copies of these various documents are in the record attached to the original opinion and marked Appendix 1, 2, 3 and 4.

4. A copy of these guidelines are in the record as part of the original opinion and marked Appendix 5.

5.     *Withholding of Pay*
   In those cases in which employees were deemed to be absent from duty and their claim of sick leave was found to be un-

supported, applicable statutes and regulations provide that such employees are considered absent without leave. The status of absence without leave precludes payment of salary for the period of such absence. Federal Personnel Manual, Part 630, subchapter 1, paragraph 1–6. That paragraph further provides that if the absence is subsequently excused, "the charge to absence without leave may be changed to the appropriate approved leave account". Consequently, although in most cases in which suspensions or removals are being imposed, FAA has already been required to withhold pay for the periods of absence on which the disciplinary actions are based, if upon completion of the administrative proceedings involving each action it is determined that the action was unjustified and should not have been taken, that decision will include a further determination that the period of absence was justified. In all such cases

Bland, Cooper, Llado, Wise and Hailes, have been exonerated or cleared of all charges. Plaintiffs, McCurdy and Tigert, have voluntarily resigned from fed-

the payroll records must thereupon be corrected to reflect that the absence was excused, and the salary previously withheld must be restored. In none of the cases involving these plaintiffs has the agency withheld salary without also initiating some form of disciplinary action subject to further administrative review.

*Removals*

The basic statute governing removals of federal employees is 5 U.S.C. § 7501. The implementing administrative procedures are in Part 752, Civil Service Commission Federal Personnel Manual, and chapters 2 and 3 of FAA Handbook 3770.2.

Each plaintiff in this action who has received or is subject to a proposed removal is given an advance notice of proposed removal in accordance with paragraph 202b(2), FAA Handbook 3770.2. The actual date of removal cannot be less than thirty days after the advance notice is given. Fifteen days is allowed for reply to the notice [para. 2026(3)]. Most removal actions involving any of these plaintiffs are at this stage. After the employee responds, the deciding official who has initiated the action may terminate the action or, if it is his decision to proceed, he issues a written decision to the employee [para. 202b (6)], including notification to the employee of his appeal rights [202b(7)].

Upon receipt of the written decision, the employee may appeal to an appeals official within FAA. This procedure is governed by chapter 3 of the agency's handbook, which is promulgated pursuant to Part 771 of the Civil Service Commission regulations. Chapter 3 provides the employee fifteen days from the date of the written decision to file an appeal. If the employee requests, an agency hearing officer is appointed to hold a hearing on the record at which the employee and the Government may present witnesses, documentary evidence and at which a verbatim transcript or written summary of the proceedings is maintained. The activities of the hearing officer are governed by FAA Handbook 3770.2, Appendix 1. Upon completion of the proceedings, the hearing officer recommends to an appeals official whether to uphold, reverse, or modify the proposed adverse action. Thereafter, the employee, if adverse action continues, has a right of appeal to an examiner of the Civil Service Commission. The procedures governing the examiner's actions are contained in

Federal Personnel Manual, Sections 771.-201 through 771.226. Again, the employee is entitled to a hearing on the record and the opportunity to confront and cross-examine witnesses and to present documentary evidence. Subsequently, the employee is accorded a right of appeal to the Commission itself and only then has he exhausted his administrative remedies.

*Suspensions*

Suspensions of federal employees for periods less than thirty days are not deemed adverse actions within the meaning of that term in 5 U.S.C. Chapter 75. However, an employee receiving a notice proposing to suspend him for a period less than thirty days is entitled to administrative review of such an action in accordance with grievance procedures established by the agency.

The FAA grievance procedures are established pursuant to general guidelines promulgated by the Civil Service Commission in Chapter 771, subchapter 1 of the Federal Personnel Manual. Those are, in turn, based on Executive Order 10987 (January 17, 1962). The Commission prescribes only broad standards for the grievance proceedings, leaving each agency the flexibility to tailor its procedures to its needs (subchapter 1, para, 1–2). The Commission's standards for such proceedings emphasize the need to keep them as simple and informal as possible [para. 1–7.d; 1–7.f(3)]. The standards require impartiality of the agency officials making the final decision (para. 1–7.d1); permit the employee to be represented (para. 1–7–e; provides for speedy decisions (para. 1–7.h); and prescribe the contents of the grievance file (para. 1–7.i).

In accordance with Civil Service Commission guidelines, FAA has promulgated its grievance procedures in Chapter 4 of Handbook 3770.2. They specify the employees covered (para. 402), which certain plaintiffs are. When informal efforts to resolve grievable matters are not successful, the employee may request a grievance inquiry (para. 408.a and 411–418).

The FAA's prescribed grievance inquiry procedures are consistent with the standards established by the Commission. Impartiality and other requirements of the grievance examiner are carefully prescribed (para. 413). The method by which the grievance examiner conducts his inquiries are set out at length in-

eral employment. Plaintiffs Carr, Hawkins, Maus and O'Brien, have not administratively appealed the disciplinary action taken against them. Plaintiff Crook has withdrawn his administrative appeal. The evidence likewise demonstrated that ten plaintiffs were removed or fired and that the remaining plaintiffs were suspended for periods ranging from 1⅓ days to 19 days and these removed or suspended plaintiffs have not exhausted the administrative appeal remedies available within the Federal Aviation Administration or the Civil Service Commission. So far as I can discern from the evidence, the disciplinary action taken against the plaintiffs was in accordance with FAA internal directives, which were in turn promulgated under guidelines established by the Civil Service Commission.

■ I further conclude that the FAA's procedures and their administration of those procedures for processing the various disciplinary actions, satisfied due process. There was no evidence to support the claim that FAA itself or any of its employees in administering the various procedures, acted arbitrarily, capriciously, or unreasonably.

■ Since the grievance procedures available to plaintiffs satisfy due process, they must exhaust those administrative remedies before coming here. 5 U.S.C. § 704; Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 50–51, 58 S.Ct. 459, 82 L.Ed. 638 (1938); Sparks v. F. A. A., 305 F.Supp. 673 (E.D.La. 1969); Hills v. Eisenhart, 256 F.2d 609 (9th Cir. 1958), cert. den. 358 U.S. 832, 79 S.Ct. 53, 3 L.Ed.2d 70; Burns v. McCrary, 229 F.2d 286 (2d Cir. 1956); Finch v. Rogers, 181 F.Supp. 490 (D.D.C. 1960); Scarpa v. Smith, 294 F.Supp. 13 (S.D.N.Y.1968).

I recognize that the requirement of exhaustion is occasionally relaxed when there is an inadequate administrative remedy or when recourse to administrative process would result in irreparable injury. Aircraft and Diesel Equipment Corp. v. Hirsch, 331 U.S. 752, 773, 67 S.Ct. 1493, 91 L.Ed. 1796 (1947). Such is not present in the instant action. These are fair and equitable administrative remedies which satisfy due process and are as likely as a judicial remedy to provide relief, if relief is warranted. Finally, the result of successful pursuit of the administrative recourse available to plaintiffs, reinstatement with back pay, would appear to preclude a finding of irreparable injury. McCurdy v. Zuckert, 359 F.2d 491 (5th Cir. 1966); Pelicone v. Hodges, 320 F.2d 754 (D.C. Cir. 1963); Nelson v. Miller, 373 F.2d 474 (3d Cir. 1967), cert. den. 387 U.S. 924, 87 S.Ct. 2042, 18 L.Ed.2d 980; Virginia Petroleum Jobbers Ass'n v. Federal Power Commission, 259 F.2d 921, 925 (D.C.Cir. 1958).

Judgment will be granted for the defendants, dismissing plaintiffs' complaint.

Judgment will be entered accordingly.

cluding the requirements that the proceeding be kept informal and that employees and their representatives may make personal presentations (para. 416).